PASCOE *v.* BARLUM.

1. MUNICIPAL CORPORATIONS—COMPETITIVE BIDS—DETROIT CHARTER. One who is responsible and lowest in price on advertised basis is "lowest responsible bidder" within meaning of Detroit city charter requiring competitive bids for city contracts.

2. SAME—VARIATION FROM SPECIFICATIONS MUST BE SUBSTANTIAL TO DESTROY COMPETITIVE CHARACTER OF BID.

Variation from specifications, in order to destroy competitive character of bid, as required by city charter, must be substantial, *i. e.*, affect amount of bid, give bidder advantage or benefit over other bidders, and be element considered in fixing price.

3. SAME—VARIATION NOT SUBSTANTIAL.

Where specifications for bids on 100 street cars to be purchased by city provided that bids be accompanied by schedule of proposed dates of delivery, which should be included in contract, first delivery to be made not later than 90 days from signing contract, bid of responsible party with lowest price to make first delivery three and one-half months after signing contract, and to continue at rate of six cars per week, was not substantial variation from specifications, and was properly accepted by city officials.

Appeal from Wayne; Gilbert (Parm C.), J., presiding. Submitted April 16, 1929. (Docket No. 105, Calendar No. 34,309.) Decided June 3, 1929.

Bill by Richard W. Pascoe, as taxpayer, to restrain John J. Barlum and other officials of city of Detroit from executing a contract for the purchase of street cars. Perley A. Thomas intervened as defendant. From a decree for defendants, plaintiff appeals. Affirmed.

*Lightner, Oxtoby, Hanley & Crawford,* for plaintiff.

*Clarence E. Page (Clarence E. Wilcox,* of counsel), for defendant city officials.

*Lodge & Brown,* for intervening defendant.

McDONALD, J. This bill was filed to restrain the defendants from executing a contract for the pur-

chase of 100 street cars from the Perley A. Thomas
Car Works for use in the city of Detroit, Michigan.
The plaintiff files his bill as a taxpayer. The de-
fendants Barlum, Ellis, and Gorman are members
of the board of street railway commissioners of the
city of Detroit. Mr. Monteith is the city controller,
and defendant Mills is the commissioner of the de-
partment of purchases and supplies. In August,
1928, Mr. Mills, acting by authority of the street
railway board, advertised for bids for the sale of
100 Peter Witt street cars to the city of Detroit.
Bids were received, but all were rejected on the
ground that they were too high. A readvertising
was had under the same proposal, except that the
bidders were requested to make their bids on a cash
basis. The proposal required that the first delivery
of cars should be made not later than 90 days after
the signing of the contract. Various bids were re-
ceived. The bid of Perley A. Thomas Car Works
was the lowest as to price, but unlike the other bids,
it contained a proviso that the first delivery would
be made three and one-half months after the sign-
ing of the contract. In this respect it was not in
accordance with the proposal, but, because of the
lower price, it was regarded as the most advantage-
ous. A report of the bids was submitted to the com-
mon council, and the council by resolution recom-
mended that a contract be entered into with the Per-
ley A. Thomas Car Works for the purchase of the
cars. To restrain the execution of the contract,
this bill was filed. From a decree dismissing the
bill, the plaintiff has appealed.

It is the theory of the plaintiff that the Perley A.
Thomas Car Works was not the lowest responsible
bidder because its bid did not conform to the spec-
ifications of the advertised proposal as to time of

delivery of the cars, and therefore the acceptance of its bid was contrary to the express provisions of the charter relative to competitive bidding.

What the charter provision means in the use of the words "lowest responsible bidder" is, one who is responsible and lowest in price on the advertised basis. The advertised proposal presented a common basis for bidding, and the bids must be measured by that standard.

"There can be no question that the bid must conform to the specifications, and the contract to both." *Andrews* v. *City of Detroit*, 233 Mich. 79.

But not every variation from the specifications will destroy the competitive character of the bid. To have that effect, the variation must be substantial. To be substantial, it must affect the amount of the bid. It must give the bidder an advantage or benefit not allowed to other bidders. It must be an element considered in fixing the price.

Having in mind these essentials, let us determine if the variation in the bid of Perley A. Thomas Car Works was a substantial one.

The specification as advertised provided:

"The bids shall be accompanied by a schedule of proposed dates of delivery, which shall be included in the contract. The first delivery must be made not later than ninety (90) days from the signing of contract."

The bid of Perley A. Thomas Car Works contained the following statement:

"Delivery: To begin three and one-half (3½) months after signing of contract, and continue at the rate of six (6) cars per week."

The only variation in this bid was a matter of 15 days in making the first delivery. The number of

cars in the first delivery was not specified. That was left to be provided for in the contract. The delivery of one car in 90 days would satisfy the proposal. Did the fact that the Thomas company took 15 days longer to deliver this one car give it any advantage over the other bidders? Would a matter of 15 days on the first delivery add to the cost of producing the cars? Was it an element considered by the bidders in estimating the price at which they could deliver 100 cars? It is plainly apparent that the second lowest bidder is back of this litigation. Yet no evidence was offered to show that its bid was higher because of the time of the first delivery. There is no reason to believe that 15 days more time in making the first delivery was of any benefit or advantage to the lowest bidder or was of any disadvantage to the other bidders. The delivery of one car 15 days earlier or 15 days later could have no effect on the price.

In support of their contention, counsel for the plaintiff cite and rely on *Attorney General* v. *Public Lighting Comm'n,* 155 Mich. 207. In that case, after all of the bids had been opened and considered, one of the bidders made a supplemental proposal which reduced his bid in the amount of $7,000 and resulted in its acceptance. The court correctly held that such a practice would open the door to all kinds of mischief and destroy the very purpose of requiring competitive bidding. In the instant case, there was no change in the bid. The city officials did not regard time of delivering the cars as an important element in the contract. They accepted the bid which because of price was most advantageous to the city. This they had a legal right to do if the bid was in substantial compliance with the advertised

proposal. In our view of the facts, there was no material variation.

The discussion of other questions is unnecessary.

The decree of the circuit court is affirmed. The defendants will have costs.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.