EUGENE FLUET & others *vs.* ADAM EBERHARDT & others.

Essex. January 15, 1936. — May 26, 1936.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Municipal Corporations,* Contracts, Officers and agents. *Contract,* Validity, Of municipal corporation. *Lawrence. Words,* "Supplies."

By reason of the provisions of §§ 27, 29 and 51 of the charter of the city of Lawrence, the commissioner of public property could not make, nor authorize to be made by his superintendent, a valid contract for the purchase of supplies and materials for the repairing of the roof of a schoolhouse, not required as an emergency.

BILL IN EQUITY, filed in the Superior Court on April 11, 1935, and afterwards amended.

The suit was referred to a master. Exceptions by the defendant Goldblatt to the master's report were overruled and the report was confirmed by an interlocutory decree entered by order of *Williams,* J., by whose order there was also entered a final decree granting the relief sought by the bill. The defendant Goldblatt appealed.

*M. Nicholson,* for the defendant Goldblatt.

*H. V. Charbonneau,* for the plaintiffs.

RUGG, C.J. This is a suit in equity under G. L. (Ter. Ed.) c. 40, § 53, by fourteen taxable inhabitants of the city of Lawrence to restrain the alleged illegal payment of money from the treasury of that city. The defendant Eberhardt is an alderman and as such is commissioner in charge of the department of public property of the defendant city. Other defendants are the auditor and the treasurer of the city. The defendant Goldblatt asserts a claim for certain building materials furnished to the defendant city.

The case was referred to a master. The evidence is not reported. Therefore, the findings of fact made by the master must be accepted as true unless on the face of the report they are inconsistent or plainly wrong. *Glover* v. *Waltham Laundry Co.* 235 Mass. 330, 334.

The facts relevant to the grounds of this decision are these: The charter of the city of Lawrence is St. 1911, c. 621, Part II, as amended by St. 1914, c. 363. The government of the city and the general management of the affairs of the city are vested in a city council consisting of the mayor and four aldermen. The city council has full supervision of the erection, alteration and repair of all public buildings, including schoolhouses. The administration of the affairs of the city is divided into five departments, each managed by a member of the city council. One of these is the department of public property, of which the defendant Eberhardt was in control subject to the supervision of the city council. It is provided by § 51 of the charter that there shall be a purchasing department in charge of a purchasing agent and certain assistants. His duties are to "purchase all supplies for the city, except in case of an emergency; but all purchases or contracts for purchase exceeding twenty-five dollars in amount shall be based upon competition, and no purchases or contracts for purchase shall be made involving the expenditure of more than twenty-five dollars for any one class of supplies in any month, except by competition. The purchasing agent shall purchase all supplies for the school department in accordance with instructions given to him by the school committee."

The roof of a public school building in Lawrence needed repair in 1935. As commissioner of public property the defendant Eberhardt employs about forty men of various trades, not including roofers, who continually do work on public buildings. They are not under civil service. The number is increased or diminished as needed. He buys supplies for his department through the purchasing agent. He had a very good idea of what repairs were needed for this roof. He believed the cost would be more than five hundred dollars. He did not advertise for bids or ask for

competition.  He did not request the purchasing department to obtain any materials or supplies with which to do the work.  He simply directed his superintendent "to get a roofer and have the roof fixed."  As a result the defendant Goldblatt was hired to do the job.  Nothing was said about price.  No other roofer was consulted.  Goldblatt was directed to make whatever repairs were necessary.  He did this, furnishing the needed supplies and materials, which consisted principally of flashing, lead, pitch and roofing paper.  The master found that the necessity for repairing the roof was not an "emergency" within the meaning of § 51 of the charter already quoted.  A bill was rendered by the defendant Goldblatt for labor and materials furnished during March, 1935, which was duly approved by city officers and would have been paid but for this suit.  The amount of materials specified in this bill is $638.11, several items of which are in excess of $25.

The trial judge ruled that the materials for which charges were made in the bill of the defendant Goldblatt were "supplies" within the meaning of the language of § 51 of the charter, and ordered that an interlocutory decree be entered confirming the master's report and overruling the exceptions of the defendant Goldblatt to the report, and that a final decree be entered enjoining the defendant city and its officers from paying the defendant Goldblatt for the supplies and material furnished by him.  Decrees were entered accordingly.  The appeal of the defendant Goldblatt brings the case here.

The ruling of the trial judge as to the meaning of the word "supplies" was right.  That word as used in § 51 of the city charter is of wide import.  In its ordinary signification it comprises the articles furnished by the defendant Goldblatt in the repair of the roof.  *Commonwealth* v. *Hayden,* 211 Mass. 296, 297.  *Gary Hay & Grain Co. Inc.* v. *Carlson,* 79 Mont. 111, 130.  This interpretation is confirmed by the form of the bill presented by the defendant Goldblatt, in which supplies and labor are carefully separated.  The charter in the circumstances here disclosed provides that such supplies or materials could lawfully have been pur-

chased only by the purchasing agent. *Bartlett* v. *Lowell,* 201 Mass. 151. The contract by Eberhardt was without authority on his part and hence did not bind the defendant city. *Wormstead* v. *Lynn,* 184 Mass. 425, 428. Separation between labor and materials was familiar under the law of liens. *Thompson* v. *Luciano,* 211 Mass. 169.

Eberhardt had no authority to make a contract such as he undertook to make with Goldblatt for the repair of the roof. It is provided by the charter of the defendant city that the city council shall have full supervision of the repair of all public buildings including schoolhouses (§ 27), and that neither the city council nor the school committee shall authorize the making of any contract involving a liability on the part of the city in excess of $500 unless the same is proposed in writing and notice given by publication in a newspaper, except for the immediate preservation of the public peace, health, or safety (§ 29). *Safford* v. *Lowell,* 255 Mass. 220. *Burt* v. *Municipal Council of Taunton,* 275 Mass. 535. Eberhardt knew that the cost of repairing the roof would exceed the sum limited in § 29.* Goldblatt therefore can gain no rights by the incorporation of the supplies in the school building under contract. He had no lawful contract to that end.

No question as to laches by the plaintiffs has been pleaded or raised on this record. The principle of *Conners* v. *Lowell,* 246 Mass. 279, 284, is inapplicable to the facts disclosed.

There is no merit in the exceptions to the master's report. The admission of the bill of Goldblatt for February, 1935, was not error. It related to the general transaction under inquiry. *Tatterson* v. *Suffolk Manuf. Co.* 106 Mass. 56, 59. The admission of testimony in redirect examination of the

---

* Section 29 provided as follows: "Neither the City Council nor the School Committee shall make or pass any order, resolution or vote appropriating money in excess of five hundred dollars, or making or authorizing the making of any contract involving a liability on the part of the City in excess of five hundred dollars, unless the same is proposed in writing and notice is given by the City Clerk in at least one newspaper of the City, not less than one week before its passage, except an order, resolution or vote for the immediate preservation of the public peace, health or safety, which contains a statement of its urgency and is passed by a four-fifths vote, and such notice shall be given as aforesaid upon the request of the City Council or of the School Committee." — REPORTER.

purchasing agent as to the price paid by him for pitch purchased for the city was discretionary. *Kendall* v. *Weaver*, 1 Allen, 277. *Sullivan* v. *Brabason*, 264 Mass. 276, 285. The question put to Eberhardt, whether he asked for competitive bids for the roofing work in controversy, was manifestly competent.

> *Interlocutory decree affirmed. Final decree affirmed with costs of this appeal against the defendant Goldblatt.*