FRANK CERWONKA *vs.* TOWN OF SAUGUS.

Essex.   March 7, 1944. — April 29, 1944.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Contract,* Validity, With municipality. *Municipal Corporations,* Contracts. *Practice, Civil,* Case stated. *Evidence,* Judicial notice, Presumptions and burden of proof.

There can be no judicial notice of municipal ordinances or by-laws.
An "agreed statement of facts" which does not include all the material facts on which the rights of the parties are to be determined does not present a case stated.
A finding was not required as a matter of law that the making by an officer of a town, without advertisement for sealed bids, of a contract "for the rental of" a machine "at $200 per month, or, a purchase rental agreement of $200 per month rental which was to be applied to the purchase price of $1,800," was not a violation of a town by-law providing, "No purchases or contracts for purchases of materials, equipment, or supplies exceeding $500 in amount shall be made by an officer or department of the town without first advertising for sealed bids therefor."

CONTRACT.   Writ in the District Court of Southern Essex dated July 16, 1941.

The case was heard by *Fay,* J., and in this court was submitted on briefs.

*H. Reinherz,* for the plaintiff.
*A. L. Hogan,* for the defendant.

WILKINS, J.   This is an action of contract to recover $600 for rental of a "bull-dozer" machine.  The answer pleaded violation of the town by-laws, and the District Court judge found for the defendant on the ground that there was such a violation.  The Appellate Division dismissed the report, and the plaintiff appealed.

According to the report, the case was "submitted on an agreed statement of facts," which is set forth in full and does not contain any by-laws.  There can be no judicial notice of municipal ordinances or by-laws.  *Attorney General* v. *McCabe*, 172 Mass. 417, 420.  *Brodsky* v. *Fine*, 263 Mass. 51, 54.  Consequently, the by-law of the defendant quoted in the report must have been introduced in evidence, probably by agreement, at the trial.  Since the "agreed statement of facts" does not contain "all the material ultimate facts on which the rights of the parties are to be determined by the law," this is not a case stated, but an agreement as to evidence.  *Frati* v. *Jannini*, 226 Mass. 430, 431.  *Pequod Realty Corp.* v. *Jeffries*, 314 Mass. 713, 715.

From the evidence presented in the "agreed statement of facts" it appears that "an oral agreement was made between the plaintiff and the proper officer of the town, by the W. P. A. co-ordinator, for the rental of a bull-dozer at $200 per month, or, a purchase rental agreement of $200 per month rental which was to be applied to the purchase price of $1,800"; that the defendant used the machine during the months of July, August, September, and October, 1940, made one payment of $200, and returned the machine; and that there was no advertisement for sealed bids for the contract.  The report shows that the District Court judge found that there was the following by-law of the defendant:  "No purchases or contracts for purchases of materials, equipment, or supplies exceeding $500.00 in amount shall be made by an officer or department of the town without first advertising for sealed bids therefor."

An uncertainty exists as to whether the one agreement the parties made was a "rental agreement," which, for all that appears, would have been valid, or was "a purchase rental agreement" for $1,800, which the plaintiff rightly

concedes would have been invalid. See *United States Drainage & Irrigation Co.* v. *Medford,* 225 Mass. 467, 472; *Safford* v. *Lowell,* 255 Mass. 220; *Fluet* v. *Eberhardt,* 294 Mass. 408, 411. This lack of clarity works to the disadvantage of the plaintiff, on whom rested the burden of proof of establishing the making of the contract. *Old Colony Railroad* v. *Wilder,* 137 Mass. 536, 539. The judge could find that the parties had made an illegal contract of purchase, and the plaintiff's requests for rulings to the effect that "upon the agreed statement of facts" there must be a finding in his favor were rightly refused. It is unnecessary to consider whether there has been a compliance with Rule 27 of the District Courts (1940) requiring specifications to entitle a party to review as a matter of right. *Rummel* v. *Peters,* 314 Mass. 504. *Hoffman* v. *Chelsea,* 315 Mass. 54.

On this record, no question is presented of a contract for alternative performances, one lawful and the other unlawful, at the election of the defendant. See Am. Law Inst. Restatement: Contracts, § 325, subsection 2. Compare *May* v. *Gloucester,* 174 Mass. 583, 585. We express no intimation that there should be a different result were the point open. See *Meredith* v. *Fullerton,* 83 N. H. 124.

The case is a hard one for the plaintiff, but this is a necessary consequence of having entered into a contract which the judge could find to be illegal. *Fouquette* v. *Millette,* 310 Mass. 351, 354.

*Order dismissing report affirmed.*