ADALIAN BROTHERS, INCORPORATED *vs.* CITY OF BOSTON.

Suffolk.   November 1, 1948. — February 3, 1949.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Municipal Corporations*, Contracts, Municipal finance.  *Boston.  Contract*, Validity, With municipality, Implied.

Recovery from the city of Boston of the price of rugs, ordered by the mayor and delivered for use in his office at a time when there was no appropriation out of which they could be paid for, was barred by § 16 of the city charter, St. 1909, c. 486.

A purported contract for the purchase of rugs by the city of Boston at a price in excess of $2,000 was invalid in the absence of advertising or authority from the mayor to dispense with advertising as required by § 30 of the city charter, as appearing in St. 1939, c. 156, § 1, or of a contract in writing approved by the mayor as required by St. 1890, c. 418, § 6, as appearing in St. 1939, c. 156, § 2.

Limitations in the charter of the city of Boston on the contracting power of officers for the purchasing of equipment cannot be evaded by a dealer delivering equipment without an express contract enforceable under the charter provisions and then claiming upon an implied contract for goods sold and delivered;  there is no implied contract in such circumstances.

CONTRACT.   Writ in the Municipal Court of the City of Boston dated February 27, 1946.

On removal to the Superior Court, the case was heard by *Brogna,* J., upon an agreed statement of facts.

*E. F. Cooley,* Assistant Corporation Counsel, for the defendant.

*J. H. Soble,* (*S. A. Aisner* with him,) for the plaintiff.

QUA, C.J. This action to recover upon a case stated the sum of $4,595.50 as the price, with interest, of three rugs alleged to have been sold and delivered by the plaintiff to the defendant comes here by appeal after an order for judgment for the plaintiff.

In February of 1945 the then mayor ordered the rugs for use in his office, and they were delivered in March, but there was no appropriation out of which they could be paid for. The city retained them without paying for them. On December 31, 1945, the acting superintendent of buildings wrote the mayor recommending that the rugs "be purchased" and requesting permission to purchase them "without further advertising."[1]  On the same day the mayor forwarded a communication to the city council submitting to it the letter of the acting superintendent of buildings and recommending the passage of an accompanying order to provide an appropriation to pay for the rugs. Still on the same day the city council passed the order, which appropriated a sum equal to the price claimed for the rugs, "to be expended, under the direction of the superintendent of public buildings, for C, equipment." The letter from the acting superintendent of buildings to the mayor, the communication of the mayor to the city council, and the proceedings of the council were printed in the "City Record." The auditor disallowed the plaintiff's bill. Thereafter the defendant requested the plaintiff to remove the rugs and later caused them to be stored in a warehouse.

The original attempt of the mayor to buy the rugs at a time when there was no appropriation available to pay for them created no enforceable contract. It is provided by St. 1909, c. 486, § 16 (city charter of Boston), that "No official of said city, except in case of extreme emergency in-

---

[1] It does not appear that there had ever been any advertising relative to the purchase of these rugs.

volving the health or safety of the people or their property, shall . . . involve the city in any contract for the future payment of money in excess of" the appropriations duly made in accordance with law, with a further exception not here material. The purchase of rugs for the mayor's office was not in consequence of any "extreme emergency" of the kind mentioned in this statute. Persons dealing with a municipality must take notice of limitations of this kind upon the contracting power of the municipality and are bound by them and cannot recover upon contracts attempted to be made in violation of them. *Dyer* v. *Boston,* 272 Mass. 265, 273–274. *McHenry* v. *Lawrence,* 295 Mass. 119, 122. *Peters* v. *Medford,* 295 Mass. 588. *Continental Construction Co.* v. *Lawrence,* 297 Mass. 513. *Baker* v. *Commonwealth,* 312 Mass. 490, 492. *Commissioners of Woburn Cemetery* v. *Treasurer of Woburn,* 319 Mass. 86, 91.

It is not easy to make out from the case stated that after the appropriation of December 31 any attempt was made to enter into any new express contract as distinguished from an attempt to perform the contract purportedly made in February. So far as appears the only communication between the parties consisted in the return to the plaintiff of some rugs other than those here involved and the submitting by it of another bill for the original price of the rugs involved. But if there was anything in the nature of a new express contract, it was invalid and cannot be enforced, because no "proposals" were invited by advertisement in the "City Record" and no authority in writing was given by the mayor to dispense with advertising, all as required, where the amount of a purchase exceeds $1,000, by St. 1909, c. 486, § 30, as appearing in St. 1939, c. 156, § 1, and because there was no contract in writing, approved by the mayor in writing, as required, where the amount involved is $2,000 or more, by St. 1890, c. 418, § 6, as appearing in St. 1939, c. 156, § 2. These statutes are broadly phrased and are of general application. They applied to the purchase of rugs for the mayor's office. They could not be by-passed by merely having the city council make a new appropriation which could thereafter be used to buy rugs in a legal man-

ner. It is immaterial that the city already had in its posses-
sion some rugs that its mayor had attempted to buy in an
illegal manner. The plaintiff in dealing with the city was
bound by the statutory regulations as to the manner in
which the city could legally make contracts. *Bowditch* v.
*Superintendent of Streets of Boston,* 168 Mass. 239, 242-245.
*Bartlett* v. *Lowell,* 201 Mass. 151, 153–155. *Adams* v.
*County of Essex,* 205 Mass. 189, 196–197. *Commercial Wharf
· Corp.* v. *Boston,* 208 Mass. 482, 489. *Fiske* v. *Worcester,*
219 Mass. 428. *United States Drainage & Irrigation Co.* v.
*Medford,* 225 Mass. 467, 472. *Morse* v. *Boston,* 253 Mass.
247, 251–252.

It is also settled that limitations on the contracting power
of municipal officers cannot be evaded by first rendering
services or furnishing supplies without an express contract
and then claiming under an implied contract for work per-
formed or for goods sold and delivered. In such cases there
is no implied contract. *Wormstead* v. *Lynn,* 184 Mass. 425,
427. *Bartlett* v. *Lowell,* 201 Mass. 151, 155–156. *Higginson*
v. *Fall River,* 226 Mass. 423, 425. *McGovern* v. *Boston,*
229 Mass. 394, 397–398. *Lowell* v. *Massachusetts Bonding
& Ins. Co.* 313 Mass. 257, 272.

We perceive no sound theory on which the plaintiff can
make the city take and pay for the rugs.

*Order for judgment for plaintiff reversed.*
*Judgment for defendant.*