JOHN M. LYNCH & others vs. CITY OF SOMERVILLE & others.

Middlesex.    April 5, 1950. — June 5, 1950.

Present: QUA, C.J., LUMMUS, WILKINS, & WILLIAMS, JJ.

*Municipal Corporations*, Contracts.  *Contract*, With municipality.  *Somerville*.  *Equity Pleading and Practice*, Plea.

A contract by the city of Somerville for collection of garbage at a cost to it of over $1,000 per year, made after rejection of all bids submitted according to specifications furnished by the city in connection with an advertisement for bids published under a provision of its charter in substance that no such contract should be made without advertisement for bids except in cases of special emergency, was invalid where it appeared that no special emergency existed, that the contract did not conform to the specifications in that it required the city to furnish certain workmen contrary to a provision of the specifications requiring the contractor to furnish all workmen at his own expense, and that the contract was made without a new advertisement for bids.

Under a provision of the charter of the city of Somerville that except in cases of special emergency no contract or order for the performance of labor should be awarded by the city "unless and until the city auditor has certified on said contract or order that there is an unencumbered balance in the appropriation chargeable therefor sufficient to cover the cost of said labor," lack of such certification by the auditor rendered invalid a contract made in the absence of any special emergency.

There was no error in a suit in equity in postponing consideration of a plea until the hearing on the general merits and in dealing with the plea at that time.

PETITION, filed in the Superior Court on February 21, 1949.

The respondent Ryan appealed from decrees entered by order of *Kirk*, J., and *Hanify*, J.

*G. A. McLaughlin*, (*C. S. McLaughlin* with him,) for the respondent Ryan.

*G. R. Farnum*, (*C. G. Anastos* with him,) for the petitioners.

LUMMUS, J.    This is a petition under G. L. (Ter. Ed.) c. 40, § 53, filed by more than ten taxable inhabitants of Somerville on February 21, 1949, to restrain the city of

Somerville and its officers from carrying out a contract made by the city with the respondent Frank E. Ryan on December 30, 1948, for the collection of garbage from January 3, 1949, through January 3, 1954, and from making payments thereunder. A demurrer of the respondent Ryan was overruled, and he appealed. He filed also a plea in bar, which is discussed later in this opinion.

On April 27, 1949, the case was referred to a master "to hear the parties, find the facts and the subsidiary facts upon which his ultimate findings of fact or conclusions are based," and "report his findings to the court, together with such questions of law, arising in the course of his duty, as any party may request."

On November 9, 1949, by an interlocutory decree, the master's report was confirmed, and the plea in bar of the respondent Ryan was overruled. The respondent Ryan appealed. On December 23, 1949, a final decree for the petitioners was entered, following the prayers of the petition. The respondent Ryan appealed.

The charter of Somerville is found in St. 1899, c. 240. By St. 1936, c. 183, § 1, amending the charter as to § 46A, "No contract . . . for the disposal of garbage, refuse or offal . . . the estimated cost of which amounts to one thousand dollars or more, except in cases of special emergency involving the health or safety of the people or their property, shall be awarded . . . unless proposals for the same have been invited by advertisements in at least one newspaper published in the city once a week for at least two consecutive weeks, the last publication to be at least one week before the time specified for the opening of said proposals." The city, by advertisements published in a Somerville newspaper on June 17 and 24, 1948, advertised for bids for the collection of garbage according to specifications furnished by the city. Various bidders submitted bids, but the mayor rejected all of them, as he had a right to do under the charter and the advertisements. *Larkin* v. *County Commissioners of Middlesex*, 274 Mass. 437, 439. No further publication was made. On December 30, 1948,

the mayor, acting for the city, entered into a written contract with the respondent Frank E. Ryan for the collection and disposal of garbage and offal in Somerville from January 3, 1949, through January 3, 1954. The contract required Ryan to furnish not less than six trucks during the period of the contract, for the collection of garbage and offal. The city was to pay nothing, but was to receive $100 a year. But the city was to employ and furnish two men to each truck, and the master found that the cost to the city would be $57,000 a year. That sum would be much more than $1,000, and would require advertising and proposals under the charter. No special emergency is found by the master, and it is not contended that there was any. The fact that the men to be furnished by the city were civil service employees does not show that they could be furnished without expense to the city. If not working on Ryan's trucks they could work elsewhere or be discharged. *Murphy* v. *Third District Court of Eastern Middlesex*, 316 Mass. 663, 668. The contract under attack might well increase the taxes of the petitioners. *Richards* v. *Treasurer & Receiver General*, 319 Mass. 672, 675.

The contract with Ryan did not conform to the advertisements. The advertisements provided that the contractor should furnish all the workmen at his own expense, whereas the contract required the city to furnish two men for each truck.

The provisions of the charter, already quoted, prohibiting the making of such a contract without previous advertisement for proposals, seem to us to require that the contract made shall follow the terms of the specifications furnished by the city. *Frasch* v. *Prichard*, 224 Ala. 410. *Brutsche* v. *Coon Rapids*, 220 Iowa, 1295. *Greaves* v. *Villisca*, 221 Iowa, 776. *Adams* v. *Leesville*, 210 La. 106. *Pascoe* v. *Barlum*, 247 Mich. 343, 65 A. L. R. 833, and note. *Diamond* v. *Mankato*, 89 Minn. 48. *Dolan* v. *Schoen*, 261 Pa. 11. Dillon, Municipal Corporations (5th ed.) (1911) § 807. If the terms of the specifications are not to be followed, or if all bids are rejected, as in this case, we think a new advertise-

ment must be published, and the proceedings must begin again. Because the contract did not follow the specifications upon which bids were asked, we think it was invalid.

Section 46C, inserted in the charter by St. 1937, c. 363, provides that "No contract or order for the performance of labor . . ., except in cases of special emergency involving the health or safety of the people or their property, shall be awarded by the city unless and until the city auditor has certified on said contract or order that there is an unencumbered balance in the appropriation chargeable therefor sufficient to cover the cost of said labor . . .." We assume that the whole sum needed for the five years of the contract need not be appropriated at the outset. *Clarke* v. *Fall River*, 219 Mass. 580, 586. *Wilson* v. *Brouder*, 291 Mass. 389, 393. *Marble* v. *Clinton*, 298 Mass. 87, 89. But, as the master found, "there is no certification by the city auditor on said agreement dated December 30, 1948." For this reason also we think that agreement is invalid. *Williams Brothers & Haas, Inc.* v. *San Francisco*, 53 Cal. App. (2d) 415.

The respondent Ryan filed a plea in bar, alleging that under the contract the city incurs no new obligation, and that the advertising for proposals that was made was sufficient under the charter. He saved an exception to the action of the judge in postponing until the hearing on the merits the consideration of the plea. By an interlocutory decree the plea in bar was overruled, and the respondent Ryan appealed. There was no error in postponing the plea until the hearing on the merits, and in dealing with it at that time. *Hancock* v. *Carlton*, 6 Gray, 39, 54. *Potter Press* v. *C. W. Potter, Inc.* 303 Mass. 485, 491–492. The points made in the plea in bar were made also in the answer, and have already been sufficiently discussed in this opinion. We find no error in the overruling of the plea.

The same is true of the demurrer. There was no error in overruling it. The petition stated a case for relief.

*Interlocutory decrees affirmed.*
*Final decree affirmed with costs.*