METCALF & EDDY, INC. *vs.* CITY OF LYNN & another.[1] February 12, 1985. *Municipal Corporations,* Municipal finance, Contracts, Board of park commissioners, Mayor. *Practice, Civil,* Stipulation. *Lynn.*

The defendant city refused to pay the plaintiff for services rendered under two contracts (both signed by the chairman of the defendant board) on the grounds that neither of the contracts had been signed by the mayor and that funds with which to pay the plaintiff had not been validly appropriated. The plaintiff brought the present action on the contracts, and the case was presented to the trial judge on the parties' stipulated facts, from which he concluded: (1) that the city council's vote to override the mayor's veto of the appropriation order made the mayor's signature on the contracts unnecessary; (2) that after the city council voted to override the mayor's veto of the appropriation order, the mayor "explicitly or implicitly" approved the plaintiff's "involvement" in the project on which the plaintiff rendered services; and (3) that the chairman of the defendant board signed the contracts in furtherance of a State policy. On the city's appeal from the judgment against it, we reverse.

1. The plaintiff argues that because the parties stipulated before the trial judge that the appropriation order was in effect when the contracts were signed, the city may not now argue that the order is invalid. We do not agree. Municipal records of the proceedings of the city council have been included in the record appendix on this matter involving the expenditure of public funds. We cannot ignore these documents in deciding a question of law because of counsel's stipulation of facts.

---

[1] The board of park commissioners of the city.

We need not decide whether the city council's approval of the appro-priation order over the mayor's veto is controlled by G. L. c. 44, § 33, or by § 31 of the city's charter, because in either event the city council failed to follow the procedure imposed by the statute and the charter. See *Nevins* v. *City Council of Springfield*, 227 Mass. 538, 544-545 (1917). See generally 15 McQuillin, Municipal Corporations § 39.66 (3d ed. rev. 1970). Even, however, if the appropriation order had been enacted after a procedurally proper override of the mayor's veto, we would not conclude that the mayor's approval of the contracts, as required by both G. L. c. 43, § 29, and by § 40 of the city's charter, was unnecessary. Had the contracts been presented to the mayor for his approval after the veto override and had he refused to affix his approval to them, appropriate action could have been taken to challenge his refusal and to make certain that all the necessary statutory and charter requirements had been satisfied. See, e.g., *Urban Transport, Inc.* v. *Mayor of Boston*, 373 Mass. 693, 698 (1977).

Nor is the statutory and charter requirement of mayoral approval satisfied by the mayor's explicit or implicit approval of the plaintiff's involvement with the project (as found by the trial judge). It is the terms of the "specific contract relied upon," *Singarella* v. *Boston*, 342 Mass. 385, 388 (1961), that the mayor must approve. See also *Goodyear Park Co.* v. *Holyoke*, 291 Mass. 11, 15-16 (1935).

2. The plaintiff begs the issue which we have just resolved against·it by arguing that because the contracts were signed at the "express direction and delegation of the city council," those contracts cannot be construed as having been entered into by a "department" within the meaning of G. L. c. 43, § 29, as appearing in St. 1959, c. 448, § 10, and of § 40 of the city charter. Moreover, *School Comm. of Salem* v. *Gavin*, 333 Mass. 632 (1956), where the authority of a school committee acting under G. L. c. 71, § 47, was held superior to the limitations imposed by G. L. c. 43, § 29, and *Lynn Redev. Authy.* v. *Lynn*, 360 Mass. 503 (1971), where the contract had been signed by the mayor, refute rather than strengthen the plaintiff's contention.

3. We do not see in G. L. c. 45, § 5, as in effect when the contracts were signed and as amended by St. 1975, c. 888, a legislative intent that programs and projects approved by a park commission further a State policy to the extent that they cannot be "defeated by local refusal to loosen the purse strings." See and compare *Board of Health of N. Adams* v. *Mayor of N. Adams*, 368 Mass. 554, 566 (1975); *Demos Bros. Gen. Contractors, Inc.* v. *Springfield*, 322 Mass. 171, 173-174 (1947).

4. The facts that we are not unsympathetic to the plaintiff and that we look askance at the city do not allow us to depart from the well established principle that "[t]he plaintiff in dealing with the city was bound by the statutory regulations as to the manner in which the city could legally make contracts." *Adalian Bros.* v. *Boston*, 323 Mass. 629, 632 (1949), and cases therein cited. See also *Lumarose Equip. Corp.* v. *Springfield*, 15 Mass.

App. Ct. 517, 519-520 (1983). Any inequity in the principle or in the application of the principle cannot be resolved by the court but is for consideration by the Legislature. Accordingly, the judgment is reversed, and the matter is remanded to the Superior Court for entry of judgment for the defendants.

                                                              *So ordered.*

*Nicholas G. Curuby,* City Solicitor, for the defendants.
*William Shields, III,* for the plaintiff.