**KVS INFORMATION SYSTEMS, INC., Plaintiff,**

**v.**

**TOWN OF TISBURY, Defendant.**

Civ. A. No. 89–2999–C.

United States District Court,
D. Massachusetts.

Dec. 17, 1990.

Chris W. Wert, Bowditch & Dewey, Worcester, Mass., for plaintiff.

William M. Healy, Roche, Carens & De-Giacomo, Vineyard Haven, Mass., for defendant.

## MEMORANDUM

CAFFREY, Senior District Judge.

This case is before the Court on the plaintiff's, KVS Information Systems, Inc. ("KVS"), motion for summary judgment and the defendant's, Town of Tisbury ("Town"), motion for judgment on the pleadings. This action arises out of a contract dispute between KVS and the Town involving the sale of a computer system. Jurisdiction is founded upon diversity of citizenship, and the amount in controversy exceeds $50,000. Pursuant to the terms of the contract, KVS argues that it delivered the computer hardware and software to the Town, and thereafter the Town refused to honor its remaining obligations under the contract. KVS then brought this action alleging breach of contract and restitution. KVS also seeks declaratory relief. KVS now moves for summary judgment on the claims of breach of contract and restitution. The Town also moves for judgment on the pleadings.[1] For the reasons stated below, both motions should be denied.

### I.

For the purpose of these motions, the relevant undisputed facts are as follows. In the Spring of 1987, the Town at its annual town meeting, approved an appropriation of $120,000 for the purchase of an unspecified "town-wide" computer system. The Massachusetts Municipal Association Consulting Group then prepared a Request for Proposal ("RFP") which detailed the specifications of the computer system that would meet the needs of the Town. The Town placed the RFP in the appropriate newspapers and received several proposals, including one from KVS.

After review of the various bids submitted, the Town chose KVS to provide the system and related computer services at a cost of approximately $205,000, an amount in excess of the funds originally appropriated in 1987. In May, 1989 at the annual town meeting, the residents voted whether or not to appropriate $77,021 to fund KVS's proposal. The Town's voters rejected the $77,021 appropriation for the purchase of the computer system.

The Town, through its Selectmen, then decided to acquire a smaller computer system that could be purchased with the $120,000 that was originally appropriated in 1987. In August, 1989, KVS and the Town entered into a contract for the purchase and sale of a computer system, the total price of which was less than $120,000. The terms of the contract provided that after delivery of the system, the Town would then be obligated to pay approximately $61,000. The contract also contained a provision that allowed the Town to terminate the contract if, prior to payment, the Town failed to appropriate funds sufficient to

---

1. Fed.R.Civ.P. 12(c) provides that if the court permits the parties to introduce "matters outside the pleading," the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. In this case the Town has submitted exhibits in support of its arguments on this motion. Therefore, pursuant to Rule 12(c), this Court recharacterizes defendant's motion for judgment on the pleadings as a motion for summary judgment, and addresses it under the standard set out in Rule 56.

"operate and maintain" the system.[2]

After delivery in September and October, KVS invoiced the Town for the system. The Town refused to make the required payments. Then on October 24, 1989 the Town residents voted to terminate the computer contract with KVS. The Town then informed KVS of the Town's vote and that it was terminating the contract. As a result of the notice of termination and the Town's failure to make payments pursuant to the terms of the contract, KVS filed this lawsuit. KVS asserts three claims in its complaint against the Town: breach of contract; restitution; and declaratory relief. KVS alleges damages totaling approximately $62,000.

## II.

KVS has moved for summary judgment as to its claims for breach of contract and restitution. The Town has also moved for a judgment on the pleadings which will be reviewed under the summary judgment standard pursuant to Fed.R.Civ.P. 12(c). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). The moving party may satisfy this burden by showing that there is an absence of evidence to support the non-moving party's case. *Celotex*, 477 U.S. at 325, 106 S.Ct. at 2553. Only after the moving party has met its burden of coming forward with proof of the absence of any genuine issue of material fact does the party opposing the motion bear the burden of responding. *Id.* at 321, 106 S.Ct. at 2551; *Adickes*, 398 U.S. at 159–60, 90 S.Ct. at 1609. The opposing party may not rest upon the mere allegations or denials in its pleading, but must respond with affidavits or otherwise to show the existence of a genuine issue for trial. Fed.R.Civ.P. 56(e); *Adickes*, 398 U.S. at 159–60, 90 S.Ct. at 1609. A dispute about a material fact is a "genuine issue" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). On summary judgment, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). In light of this standard, this Court shall examine the cross motions for summary judgment.

The first claim asserted against the Town is for breach of contract. Under Massachusetts law, to recover for breach of contract against a municipality it must first be established that a valid contract existed between the parties. *Massachusetts Gen. Hosp. v. Revere*, 385 Mass. 772, 774, 434 N.E.2d 185 (1982), *rev'd on other grounds*, 463 U.S. 239, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983); *Lord v. Winchester*, 355 Mass. 788, 789, 244 N.E.2d 730 (1969). Several prerequisites must be met before a municipality can be said to have entered into a valid contract. *Massachusetts Gen. Hosp.*, 385 Mass. at 774, 434 N.E.2d 185. A contract with a municipality is not valid until all the necessary statutory requirements are fulfilled. *Richard D. Kimball Co. v. Medford*, 340 Mass. 727, 729, 166 N.E.2d 708 (1960); *Dos Santos v. Peabody*,

---

**2.** Article VII, Clause G of the contract stated that:

G. NONAPPROPRIATION OF FUNDS. If the Town should not for any reason appropriate funds sufficient to operate and maintain the system, then the Town may unilaterally terminate without any penalty any and all obligations under this Agreement upon thirty (30) days written notice to the Vendor, provided that the Town does not appropriate funds for any identical or similar system. Upon such termination by the Town, the Town shall immediately return to the Vendor any component of the system supplied by the Vendor and not purchased and paid for in full by the Town.

327 Mass. 519, 520–21, 99 N.E.2d 852 (1951). First, the municipality must have authority to make the contract. *Id.* There is no dispute as to the power of a city or town to make contracts for the purchase of a computer system. *See* Mass.Gen.L. ch. 40, § 5. It is also undisputed that the Selectmen are duly authorized agents of the town, with the power to enter into contracts on behalf of the town if all the statutory requirements are met. *Massachusetts Gen. Hosp.*, 385 Mass. at 775, 434 N.E.2d 185; *Lord v. Winchester*, 355 Mass. at 789, 244 N.E.2d 730; *Dos Santos v. Peabody*, 327 Mass. 519, 521, 99 N.E.2d 852 (1951). The issue here is whether such power was legally exercised.

■ Assuming these are met, the second prerequisite is that the plaintiff must establish compliance with all the relevant state municipal statutes and the Town's charter. *Lawrence v. Falzarano*, 380 Mass. 18, 24, 402 N.E.2d 1017 (1980); *Central Tow Co. v. Boston*, 371 Mass. 341, 344–35, 357 N.E.2d 310 (1976); *Kimball*, 340 Mass. at 729, 166 N.E.2d 708; *Dos Santos*, 327 Mass. at 520–21, 99 N.E.2d 852; *Lynch v. Somerville*, 326 Mass. 68, 71, 93 N.E.2d 249 (1950); *Adalian Bros., Inc. v. Boston*, 323 Mass. 629, 631, 84 N.E.2d 35 (1949). Furthermore, persons dealing with a city or town "must take notice of the limitation on the contracting power of the municipality and are bound by them and cannot recover upon contracts made in violation of them." *Massachusetts Gen. Hosp.*, 385 Mass. at 775, 434 N.E.2d 185 (quoting *Duff v. Town of Southbridge*, 325 Mass. 224, 228, 90 N.E.2d 12 (1950)).

■ One such state statutory requirement is that, except in an emergency, a town may not incur liabilities in excess of its appropriations. Mass.Gen.L. ch. 44, § 31.[3] The purpose of this statute is to provide central control over municipal spending and to limit the power of public officials to make contracts. *Lawrence v. Falzarano*, 380 Mass. at 24, 402 N.E.2d 1017 (Section 31 sets "rigid barriers against expenditures in excess of appropriations"). Thus, when a municipality enters into a contract that involves the expenditure of funds in excess of appropriations the contract will be void and unenforceable.

Both parties acknowledge the limitation imposed on municipal expenditures by Section 31. KVS contends, however, that all the necessary requirements were met to form a valid contract, including appropriations sufficient to cover the Town's obligations under the contract. KVS relies on the general appropriation of $120,000 made by the Town at the 1987 annual town meeting. The Town admits that this appropriation was made in 1987 for the acquisition of a "town-wide" computer system.

In response, the Town presents two arguments in support of its position that the contract was invalid. First, the Town argues that the Town's refusal to appropriate additional funds in May, 1989 suggests that the Town did not intend the prior appropriation of $120,000 to be used for a contract with KVS, even if the amount of contract was less than the amount originally appropriated in 1987. In other words, the May, 1989 vote acted to revoke the original appropriation of $120,000 so that the funds were not available to the Selectmen when they entered into the August, 1989 contract with KVS.

Based on the record before this Court, there is a genuine issue of material fact as to whether the $120,000 appropriated in 1987 was available in August, 1989 when the contract was signed. The copy of the proposal for additional funding of $77,021 rejected by the Town's residents in May 1989, a copy prepared by the Town Clerk, is ambiguous as to whether the residents rejected only the additional appropriation or the computer system generally.[4] More-

---

3. Section 31 provides in relevant part that "[n]o department financed by municipal revenue ... of any city or town, shall incur a liability in excess of the appropriation made for use by such department." The emergency exception to this provision is not material to the present case.

4. An actual copy of the Article submitted to the residents and not the Clerk's version of that Article may resolve this ambiguity. In addition, although the parties admit that an appropriation

over, even KVS has raised a question regarding the circumstances surrounding the May 1989 Town vote, for in paragraph 10 of its complaint, KVS alleged that the Town's residents rejected an appropriation of $205,000. Therefore, due to the limited record and the question of fact regarding the surrounding circumstances of the rejection of the May, 1989 Article, material facts remain in dispute as to whether the $120,000 was available in August, 1989 when the contract was executed.

The Town's second argument is that even if the appropriation was available in August, 1989, "Clause G" of the contract made the subsequent appropriation of funds by the Town a condition precedent to the contract being enforceable. Thus, the Town further argues that the refusal of the Town's residents in October, 1989 to ratify the contract rendered the contract void and unenforceable. KVS, on the other hand, contends that "Clause G" merely provided the Town with an option of canceling the contract if there was no appropriation made. There was, however, according to KVS, an appropriation of $120,000 available to fund the contract and, therefore, Clause G does not apply to the situation at bar.

■ In construing a municipal contract, the construction which will best effectuate the intention of the parties as expressed therein will be given. *Kerrigan v. Boston,* 361 Mass. 24, 33, 278 N.E.2d 387 (1972). The court will not rewrite the agreement, but will construe the contract so as to give reasonable effect to each of its provisions. *J.A. Sullivan Corp. v. Commonwealth,* 397 Mass. 789, 795, 494 N.E.2d 374 (1986); *S.D. Shaw & Sons, Inc. v. Joseph Rugo, Inc.,* 343 Mass. 635, 640, 180 N.E.2d 446 (1962). If the words of the contract are plain and free of ambiguity, they must be enforced according to their terms. *Freelander v. G. & K. Realty Corp.,* 357 Mass. 512, 516, 258 N.E.2d 786 (1970). Last, the contract will be construed as a whole and

not by special emphasis on any one part. *J.A. Sullivan,* 397 Mass. at 795, 494 N.E.2d 374.

■ It is now necessary to apply these principles to the contract in dispute. The first step is to examine the specific language of the provision at issue. Clause G provides that if the Town should fail to "appropriate funds sufficient to operate and maintain the system" the Town could terminate the contract upon 30 days' notice. Then after such termination the Town is required to return to the Vendor all components of the system not purchased and paid for in full by the Town. Thus, the plain unambiguous language of Clause G does not support the interpretation the Town suggests. A more practical interpretation of Clause G is that it was intended by the parties to allow the Town to terminate the contract if, prior to payment, the Town finds itself unable to "operate and maintain" the system sufficiently with the existing appropriations and the Town refuses to appropriate additional funds necessary to "operate and maintain" the system.

For example, if a town purchases a computer and after it is installed, but before it is paid for, the town discovers that to operate the system it will cost an additional sum in excess of the amount originally appropriated for software which was not included with the system, if the town then refuses to appropriate the additional amount required to operate the system it may terminate the contract and return the computer to the vendor. Here, the Town does not argue that it could not "operate and maintain" the system. Thus, based on the record currently before the Court, the Town's argument that Clause G requires a subsequent appropriation or ratification is without merit.

■ KVS has also failed to meet its burden of establishing compliance with another statutory requirement, the Town's Char-

of $120,000 was made in 1987, a copy of that Article was not provided to the Court as part of

the record.

ter provisions.[5] This Court is not required to take judicial notice of city and town charters, by-laws or ordinances. *See Bouchard v. Haverhill,* 342 Mass. 1, 4, 171 N.E.2d 848 (1961); *Cerwonka v. Saugus,* 316 Mass. 152, 153, 55 N.E.2d 1 (1944); *see also Poremba v. Springfield,* 354 Mass. 432, 438, 238 N.E.2d 43 (1968); *Dos Santos,* 327 Mass. at 521, 99 N.E.2d 852. No evidence of any kind was offered to show that KVS's complied with the Town's Charter. KVS's allegations do not provide a satisfactory basis for a determination of the parties' rights. The Court should not decide important questions of municipal law upon indefinite allegations and legal conclusions. Thus, genuine issues of material fact remain in dispute as to whether the applicable provisions of the Town's Charter were complied with.

Upon review of the evidence, there is a dispute as to material facts that go to the issue of the validity of the contract between KVS and the Town. Therefore, KVS's motion for summary judgment and the Town's motion for judgment on the pleadings with respect to the contract claim should be denied.

### III.

■ Finally, KVS alternatively argues in its motion for summary judgment that it is entitled to damages against the Town under a theory of restitution. In response, the Town contends in its motion for judgment on the pleadings that KVS's claim should be dismissed because Massachusetts law does not permit recovery in restitution or quantum meruit against a municipality.

Under Massachusetts law it is well settled that no recovery against a municipality is permitted under a theory of quantum meruit where a contract is invalid because of a failure to comply with the statutory requirements. *See Massachusetts Gen. Hosp.,* 385 Mass. at 776, 434 N.E.2d 185;

*Adalian Bros. v. Boston,* 323 Mass. at 632, 84 N.E.2d 35 ("limitations on the contracting power cannot be evaded by first rendering services or furnishing supplies without an express contract and then claiming under an implied contract"); *Lowell v. Massachusetts Bonding & Ins. Co.,* 313 Mass. 257, 272, 47 N.E.2d 265 (1943). Even a good faith rendering of services made under a contract does not warrant recovery in quantum meruit. *Massachusetts Gen. Hosp.,* 385 Mass. at 776, 434 N.E.2d 185. To allow recovery without compliance with all the statutory requisites would, in effect, nullify and circumvent the rigid statutory scheme that has been established with respect to contracts with municipalities. *Id.*

Massachusetts courts, however, recognize a very limited exception to this rule that only applies if at the time the services were rendered, there was a valid contract in existence. *See Long v. Athol,* 196 Mass. 497, 508, 82 N.E. 665 (1907). In the 1907 case of *Long v. Athol,* the Massachusetts Supreme Judicial Court permitted recovery under quantum meruit against a municipality where an otherwise valid contract was set aside by the court because of mutual mistake. *Id.* The court stated, however, that it would not allow recovery in quantum meruit if the mistake, even if mutual, went to the authority or power of a municipality to enter into a contract. *Id.* Thus, to recover in quantum meruit against a municipality it must first be established that a valid contract existed between KVS and the Town before the Court may address the merit of the restitution claim.

In support of its claim for restitution, KVS makes reference to the case of *J.A. Sullivan Corp. v. Commonwealth,* 397 Mass. at 796, 494 N.E.2d 374. The case cited by KVS is not applicable to the present situation. The case differs in many respects, but the central distinguishing factor is that *J.A. Sullivan* involved an action against the Commonwealth of Mas-

5. The Town argues that in order for the Spring, 1987 appropriation of $120,000 to be applied to the August, 1989 contract, the residents must formally transfer the funds from the Spring 1987 Article to specifically fund the contract with KVS. Based on the record, it is unclear whether the Town Charter or other Town ordinance actually requires this formal transfer to make the 1987 appropriation available to fund the contract with KVS.

sachusetts and not against a municipality. *See Id.*

At this point it is premature to dismiss KVS's restitution claim, because its claim is based upon the same facts as those supporting its claim for breach of contract. Therefore, until the questions of fact are resolved with respect to the validity of the contract there also exists a dispute of material fact as to whether a valid cause of action exists for restitution.

In conclusion, this Court has determined that genuine issues of material fact remain in dispute and that neither the plaintiff nor the defendant is entitled to judgment as a matter of law. Consequently, pursuant to Fed.R.Civ.P. 12(c) and 56, the plaintiff's motion for summary judgment and the defendant's motion for judgment on the pleadings should be denied.

Order accordingly.