LESTER W. JENNEY & others *vs.* ASSESSORS OF
MATTAPOISETT.

Plymouth.    November 5, 1947. — December 1, 1947.

Present: QUA, C.J., DOLAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Taxation*, Amount of local tax assessment, Assessors of taxes. *Municipal
Corporations*, Municipal finance. *De minimis non curat lex. Equity
Jurisdiction*, Ten taxable inhabitants' petition, Laches. *Laches.
Words*, "Shall," "May," "Available funds," "Estimated receipts."

*It seems* that the amount, if any, to be deducted on account of avail-
able funds in the treasury in the determination of the annual assess-
ment of town taxes pursuant to G. L. (Ter. Ed.) c. 59, § 23, even
though there has been a directive vote of a town meeting, lies in the
discretion of the assessors subject only to approval of such amount
by the commissioner of corporations and taxation.

In the determination of the annual assessment of town taxes pursuant
to G. L. (Ter. Ed.) c. 59, § 23, a vote of the town at town meeting
to "take" a certain amount from "free cash" in the treasury "to be
appropriated for the reduction of taxes" did not require the assessors
to make a deduction in that amount on account of available funds in
the treasury where that amount had been disapproved by the com-
missioner of corporations and taxation.

"Available funds" of a town within G. L. (Ter. Ed.) c. 59, § 23, includes
free cash or an accumulated surplus in the treasury.

The mere fact that a sum of money, which the assessors of a town ille-
gally were about to raise by including it in the annual assessment
of taxes, was only $1,000 was not a sufficient ground for refusing
to the petitioners in a suit in equity by taxable inhabitants of the town
under G. L. (Ter. Ed.) c. 40, § 53, relief to prevent such inclusion.

Laches on the part of the petitioners in a suit in equity by taxable in-
habitants of a town under G. L. (Ter. Ed.) c. 40, § 53, to restrain
the assessors from illegally including a certain sum in the annual
assessment of taxes was not shown where the petition was filed within
twenty-one days after the assessment became known and before the
assessors had made their commitment to the collector.

PETITION, filed in the Superior Court on June 25, 1947.

The case was reserved and reported to this court by
*Donahue*, J.

*E. D. Sharkey*, for the petitioners.

*G. H. Potter*, for the respondents.

QUA, C.J.   This is a petition by more than ten taxable inhabitants of Mattapoisett to restrain the assessors of that town from including in their assessment of the town taxes for the current year certain sums the inclusion of which, as the petitioners contend, will amount to the raising of money "in . . . [a] manner other than that for and in which such town has the legal . . . right and power to raise . . . money . . . ."   G. L. (Ter. Ed.) c. 40, § 53. *Dowling* v. *Assessors of Boston*, 268 Mass. 480, 483–484. *Freeland* v. *Hastings*, 10 Allen, 570, 575.

The material facts, which appear from a case stated, are these: At the annual town meeting on February 3, 1947, the town, acting under an article in the warrant, voted to "take" the sum of $35,000 from the "free cash" in the treasury "to be appropriated for the reduction of taxes." The assessors have refused to exclude this sum from the total amount to be assessed, but have excluded only $3,000 of it, leaving $32,000 to be assessed and raised by taxation instead of being taken from "free cash" as voted by the town.   The commissioner of corporations and taxation had refused to give his approval in writing to the deduction from the amount to be assessed of more than $3,000 of the $35,000 voted by the town.

At the meeting the town also voted to lay on the table an article "providing for the appropriation of $1,000 for the retirement system."   The assessors, however, have included this $1,000 in the amount to be assessed, although, according to the case stated, the "liability" of the town "to raise any portion of this amount, or to pay the whole or any portion thereof to the treasurer of Plymouth County will not accrue until February, 1948."

1. The question whether the assessors were bound to deduct from the amount otherwise assessable the sum of $35,000 voted by the town to be taken from "free cash" depends upon the construction of the first paragraph of G. L. (Ter. Ed.) c. 59, § 23.   This paragraph reads as follows: "The assessors shall annually assess taxes to an amount not less than the aggregate of all amounts appropriated, granted or lawfully expended by their respective

towns since the last preceding annual assessment and not provided for therein, of all amounts required by law to be raised by taxation by said towns during said year, of all debt and interest charges matured and maturing during the year and not otherwise provided for, of all amounts necessary to satisfy final judgments against said towns, and of all abatements granted on account of the tax assessment of any year in excess of the overlay of that year and not otherwise provided for; but such assessments shall not include liabilities for the payment of which towns have lawfully voted to contract debts. The assessors may deduct from the amount required to be assessed the amount of all estimated receipts of their respective towns lawfully applicable to the payment of the expenditures of the year, excluding sums to be received from the commonwealth or county for highway purposes and excluding estimated receipts from loans and taxes but including, however, estimated receipts from the excise levied under chapter sixty A and receipts estimated by the commissioner under section twenty-five A of chapter fifty-eight. Deductions made by the assessors on account of estimated receipts other than those estimated by the commissioner as aforesaid shall not exceed the aggregate amount of actual receipts received during the preceding financial year from the same sources, and deductions shall not be made on account of available funds, unless in either case approval in writing shall have been obtained from the commissioner." See also § 21.

· 'It will be noted that the paragraph quoted consists of three sentences. The first sentence lists items which the assessors "shall" include in their assessment. The provisions of this sentence are mandatory and are binding upon the assessors and cannot be altered or evaded by the town. The second sentence provides that the assessors "may" reduce the amount ascertained · according to the first sentence by the estimated amounts of certain specified receipts. The provisions of this sentence are permissive and confer discretion. The correctness of this last statement as a general proposition is supported rather than impugned by the fact that the Legislature has in certain instances

by special provisions required the assessors to deduct the estimated amounts of certain specified sums to be received from the Commonwealth. G. L. (Ter. Ed.) c. 58, § 25A, as revised by St. 1945, c. 624, § 5. St. 1933, c. 307, § 11 (applicable in designated years but continued operative for later designated years by various enactments down to and including St. 1943, c. 285, § 4). St. 1943, c. 569, § 2. St. 1946, c. 588, § 2. See St. 1947, c. 437. The distinction between "shall" and "may" in G. L. (Ter. Ed.) c. 59, § 23, is that which commonly exists in statutes where these two words occur in contrast with each other. *Brennan* v. *Election Commissioners of Boston*, 310 Mass. 784. The third sentence contains additional provisions, in substance that certain deductions on account of estimated receipts shall not exceed the actual receipts during the preceding year from the same sources unless approval in writing shall have been obtained from the commissioner of corporations and taxation, and also that deductions shall not be made on account of "available funds" unless with similar approval. These provisions are the result of changes in the section brought about by St. 1931, c. 428, § 3.

It might be possible to dispose of the issue relative to the deduction of the $35,000 on the ground that by the second sentence of the statute the making of any such deduction is discretionary with the assessors, and that the town assembled in town meeting cannot exercise a discretion committed by statute to the assessors. This result seems required by the decision in *Dowling* v. *Assessors of Boston*, 268 Mass. 480, 488–489, where it was held that a comparable deduction rested in the discretion of the assessors. But the argument has taken a wider range involving the meaning of the third sentence of the statute and raising a question of great interest to towns and to assessors throughout the Commonwealth, the decision of which is also determinative of the issue in this case with respect to the $35,000. We think we should deal with that question. The third sentence contains the first reference in the statute to "available funds" and shows plainly that "available funds" and "estimated receipts" are contrasted expressions, and that neither "esti-

mated receipts" in excess of the designated amount nor "available funds" in any amount can be deducted without "approval in writing . . . from the commissioner." These are positive prohibitions of the statute. Neither the assessors nor the town can avoid them. And we think there can be no doubt that "available funds" includes "free cash" or in other words an accumulated surplus. Such a surplus is "funds" and at least after the vote of the town it became "available" as a deduction, subject to the approval in writing of the commissioner. Whether the discretion of the assessors, with the approval in writing of the commissioner, would permit the use of such a surplus to reduce the assessment without any vote of the town need not be decided. That towns have passed votes from time to time for the purpose of applying surplus funds in reduction of tax assessments is common knowledge, but so far as we are aware the effect of such votes upon the powers of the assessors under present statutes has not been determined. See *Cooley* v. *Granville*, 10 Cush. 56.

The result on this part of the case is that the assessors rightly deducted from the assessment only the $3,000 approved in writing by the commissioner.

2. The respondents now concede that they wrongly included in the assessment the $1,000 which the town failed to appropriate for the retirement system. They contend that this sum "is not such a substantial amount as to make the levy illegal." It may be true that the entire levy would not now be invalidated by the inclusion of this sum, and that the tax as to any particular taxpayer would be "valid except as to the illegal excess" levied against him. G. L. (Ter. Ed.), c. 59, § 82. *Cone* v. *Forest*, 126 Mass. 97. But that is not the question before us. We cannot say that $1,000 is such an insignificant sum that the principle de minimis applies, and that no relief should be given under G. L. (Ter. Ed.) c. 40, § 53, to prevent the assessors from illegally raising that sum, even though the amount illegally exacted from any one taxpayer might be small. That statute would be greatly restricted in its effect if it could not be used to prevent illegal assessments or expenditures of amounts of $1,000

or less.   In *Freeland* v. *Hastings*, 10 Allen, 570, 587–590, an entire assessment was held invalid because one of the appropriations on which it was based improperly included a sum of $1,000.   And in *Tash* v. *Adams*, 10 Cush. 252, 254, *Claflin* v. *Hopkinton*, 4 Gray, 502, and *Hood* v. *Mayor & Aldermen of Lynn*, 1 Allen, 103, the amount involved was $500.

3. The petitioners are not shown to have been guilty of laches.   The burden of proof is upon the respondents. *Jubinville* v. *Jubinville*, 313 Mass. 103, 105.   The petitioners filed their petition within twenty-one days after the assessment became known and, so far as appears, before the assessors had committed any warrant to the collector.   *Copeland* v. *Huntington*, 99 Mass. 525, 526, 529.   Compare *Tash* v. *Adams*, 10 Cush. 252.

A final decree is to be entered in favor of the petitioners with respect to the item of $1,000.

*So ordered.*