Thomas D. Lavelle *vs.* City of Beverly.

Suffolk.   December 2, 1952. — April 1, 1953.

Present: Qua, C.J., Lummus, Ronan, Williams, & Counihan, JJ.

*Beverly.   Municipal Corporations,* Municipal finance.

St. 1951, c. 187, by which the city of Beverly was "authorized to appropriate and to pay a sum of money for the purpose of discharging" a certain legally unenforceable claim for services rendered to the city, did not compel it to pay the fair value of such services or any other sum, but merely authorized it to pay such sum as it decided to appropriate and pay.

Bill in equity, filed in the Superior Court on February 4, 1952.

The suit was heard by *Kirk,* J.

*Matthew S. Heaphy,* City Solicitor, for the defendant.

*Thomas D. Lavelle,* pro se.

QUA, C.J.  This is a bill for a declaratory decree as to the right of the plaintiff and the duty of the city under St. 1951, c. 187, relative to the payment by the city for legal services rendered by the plaintiff, an attorney at law.

The plaintiff was employed, or purportedly employed, by the mayor of the city (the city solicitor being ill) to prosecute before the civil service commission and in the courts charges against a captain in the police department of conduct unbecoming a police officer.  The cause finally reached this court and resulted in the removal of the captain from the force.  *Mayor of Beverly* v. *First District Court of Essex,* 327 Mass. 56.  It is obvious that the plaintiff performed a substantial amount of work and achieved a successful result.  He has been paid for his services in this court, about which no question now exists.  He claims compensation in the sum of $5,500 and expenses in connection with services rendered before the civil service commission, the District Court, and the Superior Court.  However, no appropriation had been made to pay the plaintiff before he was employed or before the work was done.  This was a bar to the enforcement of his claim.  Charter of Beverly, St. 1910, c. 542, § 42.  Municipal finance act, G. L. (Ter. Ed.) c. 44, § 31, as appearing in St. 1949, c. 138.  Recognizing this fact, at the instance of the plaintiff, the mayor and a majority of the aldermen signed a petition to the Legislature as a result of which the statute in question, St. 1951, c. 187, was passed. The material portion of the statute reads as follows: "Section 1.  The city of Beverly is hereby authorized to appropriate and to pay a sum of money for the purpose of discharging a certain claim of Thomas D. Lavelle for legal services rendered to said city, said claim being legally unenforceable against said city by reason of its failure to comply with the provisions of its charter."  Subsequently the aldermen appropriated $1,000 "in order to pay the claim of Thomas D. Lavelle in full."  The plaintiff refused to accept that sum.  The trial judge found that this amount would pay the plaintiff $402.80 above his expenses and that it was "shamefully and grossly inadequate."  He ruled that the

statute was mandatory "in substance," and that it required the city to pay the plaintiff the fair and reasonable value of his services and his necessary expenses, which the judge found to be $5,500 for services and $597.20 for expenses. He entered a decree ordering the city to pay the aggregate of these sums with interest from the date of the bill.

The judge misconstrued the statute. The city is not compelled by the statute to pay anything. It is merely "authorized to appropriate and to pay a sum of money." It is for the city to determine whether it will pay anything and if it does how much. Nothing can be paid without an appropriation or in excess of any appropriation made. The court is not authorized to make or order an appropriation or to order payment without or in excess of an appropriation. This construction does not render the statute meaningless, as the trial judge suggests it would. The statute serves its intended purpose of making it possible for the city to appropriate and pay such sum as it may decide to pay. Without the statute the city could not pay anything. *Adalian Brothers, Inc.* v. *Boston*, 323 Mass. 629. *Duff* v. *Southbridge*, 325 Mass. 224, 228. The case is readily distinguishable from *Attleboro Trust Co.* v. *Commissioner of Corporations & Taxation*, 257 Mass. 43, 51–53, where a quasi judicial jurisdiction was conferred upon a public officer, and it was held that he could not refuse to exercise that jurisdiction in a case falling within its scope. *People* v. *Board of Supervisors of the County of Herkimer*, 56 Barb. S. C. 452, was a similar case. In *Bowen* v. *Minneapolis*, 47 Minn. 115, the wording of the statute distinguishes the case from the one at bar.

The decree is reversed and a new final decree is to be entered declaring the meaning of the statute to be that the city is authorized to pay to the plaintiff for his services and expenses such sum only as shall have been appropriated for that purpose by the city's legislative body.

*So ordered.*