WINFIELD F. JENNEY, administrator, *vs.* TOWN OF MATTAPOISETT.

Plymouth. March 4, 1957. — April 5, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, COUNIHAN, & WHITTEMORE, JJ.

*Municipal Corporations,* Officers and agents, Contracts, Municipal finance. *Volunteer.*

A town was not obligated to make reimbursement of an amount paid by a member of its finance committee with the committee's authority for legal services rendered to the petitioners in a taxpayers' suit to determine the validity of certain action of the assessors, even if the suit was in the town's interest and even though, after the services had been rendered, the town voted an appropriation for reimbursement of the expenses of the suit.

CONTRACT. Writ in the Superior Court dated June 9, 1948.

---

The action was heard on a statement of agreed facts by *Kirk*, J., who ordered judgment for the defendant. The plaintiff appealed.

*George M. Poland*, (*Ella M. Dolan* with him,) for the plaintiff.

*George H. Potter*, Town Counsel, for the defendant.

WHITTEMORE, J. The plaintiff seeks to recover the amount paid by his intestate, as a member of the finance committee of the defendant town and with the committee's authority, to an attorney for services rendered to the committee in filing a taxpayers' suit to determine the validity of certain action of the assessors. Issues arising in that suit are the subject of the opinion in *Jenney* v. *Assessors of Mattapoisett*, 322 Mass. 76.

After the services had been rendered, the town, acting under an appropriate article, voted in 1948 to "raise and appropriate $600 to reimburse the finance committee for expenses incurred in obtaining a decision of the Supreme Court on the right of a town to vote surplus funds."

The case was heard as a case stated. The order for judgment for the defendant from which the plaintiff has appealed was right. Even an attorney engaged by a board or officer having authority so to do could not have acquired a right to payment in the absence of an appropriation made before the employment or the doing of the work. G. L. (Ter. Ed.) c. 44, § 31. *Lavelle* v. *Beverly*, 330 Mass. 72, 73. No authority is shown in the finance committee to engage counsel in the town's interest. See G. L. (Ter. Ed.) c. 40, § 5, cls. 15, 16, 16A; c. 39, § 16. The benefit, if any, to the town is immaterial. *O'Reilly* v. *Scituate*, 328 Mass. 154. *Higginson* v. *Fall River*, 226 Mass. 423. The vote of May 13, 1947, not under any article, "that this meeting give the finance committee a vote of confidence in their case in court against Mr. Long," was only an expression of the sense of the meeting, and of course does not even purport to commit the town in any way. The plaintiff relies on but is not helped by G. L. (Ter. Ed.) c. 40, § 5, last sentence, which authorizes appropriations ". . . for all other necessary charges aris-

ing in such town." Even if there was a duty, right or interest in the town in respect of the subject matter of the suit (*Vincent* v. *Nantucket*, 12 Cush. 103) which would have supported an appropriation and legal action by the town itself to determine one or both of the issues (see *Flood* v. *Leahy*, 183 Mass. 232, 234), that would not give a right to volunteers to have reimbursement for the costs of their own proceedings which in the outcome may have operated to serve that interest. A reference to the nature of and limitations on the powers of towns and cities under our statutes is sufficient to dispose of the point. See *Higginson* v. *Treasurer & School House Commissioners of Boston*, 212 Mass. 583, 585; *Chelsea* v. *Treasurer & Receiver General*, 237 Mass. 422, 432; *Attorney General* v. *Lowell*, 246 Mass. 312, 320.

*Order for judgment affirmed.*