Tiffany, J.
This is an action in contract where the plaintiff, Jeffries Disposal, seeks to recover monies in excess of a contractual obligation with the City of Revere.
The pertinent facts as found by the trial court, which do not appear to be in dispute, are as follows:
Jeffries and Revere had entered into a contract for a period of three years where Jeffries would collect and dispose of trash including house dirt, ashes and refuse including spring cleaning and rubbish. The specifications for the collection and disposal specifically excluded the following: “Garbage, food of any kind, lobster, clam or crab shells shall not be mixed with rubbish or trash.” Throughout the term of the contract, Jeffries performed its collection duties and Revere paid the amounts due under the contract.
However, in the final year of the contract, the Revere City Council considered a change in policy so that Revere residents would place their garbage together with the trash for a single collection. As a result of this proposed change in policy, several editorials in the local newspaper announced this as a fait accom-pli and directed the inhabitants of the City of Revere to incorporate their garbage with the trash for collection purposes.
The president of the plaintiff corporation promptly took action in the form of a letter to the Mayor of Revere with copies to the Superintendent of Public Works, Assistant City Solicitor, and the City Purchasing Agent asserting a breach of the original contract and for further compensation in the amount of $48,000.00
As a result of this correspondence, the mayor met with the president of the corporation and agreed that Jeffries should receive additional compensation, and petitioned the City Council for a further appropriation to satisfy Jeffries’ demands. The record does not indicate any further action by the municipal government with respect to Jeffries’ claims.
Jeffries, in reliance upon the approval by the mayor, continued to perform the obligations of his contract, including the collection of the garbage for the remaining period of the ten months of his contract term, and billed the City of Revere each month for $4,800.00 for a total of $48,000.00
The second issue raised by the case at bar relates to the contractual provision *246 covering spring clean-up work. The bid specifications called for the following:
The city reserves the right to have special clean-up periods during two (2) weeks in the spring of each year, whereby the collection of accumulated refuse, putting the same on the street, must be disposed of by the contractor... .The contractor must verify the additional charge for ‘Spring Clean-up’ by itemizing his bills showing the number of men used, number of hours worked, number of days worked and number of trucks used. This additional charge shall be to the satisfaction of the Purchasing Agent and the Mayor.
On this spring clean-up issue, the court found for the plaintiff in the amount of $16,095.00.
As to the second issue, the defendant, Revere, is aggrieved by the court’s ruling on his request number 8 which sets forth:
8. The failure to submit the additional charge for spring clean-up to the purchasing agent and mayor for approval requires a finding for the defendant, City of Revere, on the issue of recovery for the spring clean-up.
The court granted this request for ruling, but stated the court did not so find.
It is clear that the trial court treated the required request, which calls for a directed verdict in favor of the requesting party, as a warrent request which permits such a finding but in no way obligates the trial court to find in favor of that party. The general rule is that a required finding cannot be granted if the evidence is conflicting and is sufficient to support a finding in favor of the party having the burden of proof. The allowance of these required requests establishes that, as a matter of law, the requesting party must prevail as distinguished from the warrant requests which enable the requesting party to determine if the general finding found against him was on the facts and not as a matter of law. In short, the allowance of a required request is that, as a matter of law, the requesting party must prevail. Memishian v. Phipps, 311 Mass. 521 (1940).
As to the issue of the spring clean-up, the ruling by the trial court as to its determination as a matter of law and the finding were inconsistent and cannot be sustained. It is noted that after the trial court’s ruling on request number 8, the City of Revere brought a motion to amend the court’s action to clear up the inconsistency between the findings and the law which was denied.
The primary issue before this Division is the propriety of the court’s finding that Jeffries was entitled to recover under the contract and in quantum meruit as the contract and revisions thereto were agreed to by the mayor on behalf of the City of Revere.
As a matter of law, this finding cannot stand. However, to speed disposition of this case on retrial, we briefly comment on the legal principles that are to be applied to the matter at bar.
It may well be that Jeffries has been treated badly by the representatives of the city. However, on this we withhold comment. The present case came within the principle that a person who “enters into a contract with a public officer, who undertakes to act for and bind a municipal corporation must, at his peril, ascertain the extent of the authority of the public officer with whom he deals.” Potter & McArthur, Inc. v. City of Boston, 15 Mass. App. Ct. 454 (1983). Recovery for work done in violation of limitations on the contracting powers of the municipal officer cannot be had on the principle of quantum meruit. Adalian Bros., Inc. v. Boston, 323 Mass. 632 (1949).
Generally a contractor must invoke its remedies under an agreement unless the contractor can demonstrate that the particular claim falls outside of the *247 contract and that the agency ’ s conduct constitutes a true breach. Glynn v. City of Gloucester, N.E. 2d 886 (1980). However,, if the claims are found to involve changes in or additions to the work under a contract, and there is no true breach, inquiry must also be made whether the appropriation requirements of G. L. c. 44, § 31 have been met except in cases of extreme emergency involving the health or safety of persons or property and then only by a two-thirds vote of the members of the city council.
A person does not acquire a right of reimbursement by an appropriation made after the services have been completed regardless of the benefit to the town. Jeney v. Town of Mattapoisett, 335 Mass. 673 (1957).
It is also settled that limitations on the contracting powers of municipal officers cannot be evaded by first rendering services or furnishing supplies without an express contract and then claiming under an implied contract. In such cases, there is no implied contract. Lowell v. Massachusetts Bonding & Insurance Co., 313 Mass. 257; Adalian Bros., Inc. v. Boston, supra.
The city officers have the authority doubtless to add to or change the contract within reasonable limits in order to remedy incidental defects and improve the work in minor details, Shea v. Milford, 145 Mass. 528 (1888). That provision falls far short of authorizing an essential change of such magnitude as to be incompatible with the general scheme of the statute. An alteration which results in substantially a new contract as in the case at bar which disregards an essential negative component of the original contract and in effect changes the character of the contract, is not permissible under the statute. Morse v. City of Boston, 253 Mass. 247 (1925).
The cause of the action initiated by Jeffries was for breach of contract and damages flowing therefrom. In a recent Massachusetts Appeals Court decision, Thomas O'Connor & Co. v. Medford, 16 Mass. App. Ct. 10 (1983), the distinction between claims under a contract and damages for wrongful breach of that contract was exhaustively explored. In the application of G.L. c. 44, § 31, once the requirements have in good faith been met and complied with, the well settled rule is that a city which is a party to the contract may be held liable to respond in damages. The statute relates to municipal finance and is not extended to include the doctrine of municipal immunity so as to leave the contractors without remedy for breach of contract despite the absence of an appropriation. Contra, the statute does apply to additional work under a contract and it is not enough that the initial contract meets statutory requirements.
Notwithstanding the good intentions of all parties concerned, the law in its present state does not permit additional work under an existing contract made in compliance with G.L. c. 44, § 31 where the revision deviates from the spirit and intent of the original contract.
Since the finding of the trial court, in reality, approved a revised contract and recovery in quantum meruit neither of which is permitted by municipal law, the finding and judgment for the plaintiff is vacated and a new trial ordered.

So ordered.