MIDDLESEX COUNTY & others[1] vs. MIDDLESEX COUNTY
ADVISORY BOARD & others.[2]

Middlesex. September 12, 1995. - December 12, 1995.

Present: LIACOS, C.J., WILKINS, LYNCH, & O'CONNOR, JJ.

*County*, Courts, Lease of court house, Advisory board. *Statute*, Construction. *Sheriff*.

The Middlesex County Advisory Board acted properly within its appropriation authority under G. L. c. 35, § 28B (*b*), in revising the county commissioners' proposed allocation of funds to be expended for courthouse security by decreasing the county police budget and increasing the county sheriff's budget accordingly. [478-481]

CIVIL ACTION commenced in the Superior Court Department on April 21, 1993.

The case was heard by *Patrick F. Brady*, J, on motions for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Charles E. Boyle* for the plaintiffs.

*Frances E. Balin* for Middlesex County Advisory Board & others.

*Alice E. Moore* for Sheriff of Middlesex County.

O'CONNOR, J. In 1989, Middlesex County agreed to lease space in the county's three courthouses to the Trial Court of the Commonwealth. The lease requires the county to provide security for the premises. The county commissioners' proposed budget for fiscal years 1993-1994 included an alloca-

---

[1]The county commissioners of Middlesex County.

[2]The sheriff of Middlesex County, the chairman of the advisory board, the chairman of the advisory board budget committee, and the municipalities and representatives thereof who voted against the plaintiff commissioners' proposed budget.

tion of funds to the maintenance department for county police to secure the courthouses. On March 31, 1993, the Middlesex County advisory board (advisory board) voted to transfer the funding proposed for county police to the Middlesex County corrections department budget, thereby placing courthouse security personnel under the auspices of the sheriff. As a result, the county commissioners brought this action which essentially seeks a declaration that the advisory board's action exceeded its authority as provided by G. L. c. 35, § 28B (1994 ed).

The defendants moved for summary judgment. A judge in the Superior Court allowed the defendants' motions and ordered that a "judgment issue declaring that the Middlesex County Advisory Board's transfer of funds from the county police department's budget to the sheriff department's budget is a valid exercise of the Board's statutory authority to increase, decrease, alter and revise the proposed budget." The plaintiffs appealed from the ensuing judgment. We transferred the appeal to this court on our own initiative and we now affirm the judgment.

General Laws c. 35, § 28B (*b*), provides in part as follows:

"The advisory board may increase, decrease, alter and revise the [county commissioners'] proposed budget, provided that: — (i) The statement of the amount to be expended for any object or purpose for which an expenditure is required to be made by law shall not be reduced below estimated expenditure of the current year unless the advisory board shall enter into its minutes a statement of the basis for the reduction . . . (iii) If the advisory board shall make any change in the proposed itemized budget, provision shall be made that the total estimated revenues, together with the amount of county tax to be levied shall equal the total estimated expenditures."

The advisory board acted within those statutory powers when it revised the county commissioners' proposed alloca-

tion of funds by decreasing the county police budget and increasing the sheriff's funding correspondingly in order to maintain a balanced budget. Even if we assume, in keeping with the plaintiffs' contention, that courthouse security is an "object or purpose for which an expenditure is required to be made by law," see G. L. c. 35, § 28B (b) (i), because it is required by the lease of the courthouses, the advisory board adhered to statutorily required procedure by articulating its reasons for reducing the proposed expenditure for that object or purpose. The minutes of the advisory board's March 31, 1993, meeting reflect that its action was taken in response to (1) Middlesex County judges' expression of concern about building security at a public hearing, and (2) the corrections department proposal to operate the security force for $81,000 less than under the county commissioners' proposal.

The breadth of county advisory boards' appropriation authority conferred by G. L. c. 35, § 28B, is manifested by contrasting that statute with G. L. c. 44, §§ 32, 33, and 33B (1994 ed.). Section 33B, for example, permits a city council to transfer funds between departments only by a two-thirds vote of the council on the mayor's recommendation and with the written approval of the department losing the funds. Moreover, unlike the discretion provided to county advisory boards by G. L. c. 35, § 28B (b), to "increase, decrease, alter and revise" a proposed budget, city councils "shall not increase any amount in . . . the annual budget nor add thereto any amount for a purpose not included therein except on recommendation of the mayor," G. L. c. 44, § 32, or on a vote of two-thirds of the city council's membership where the mayor fails to recommend an appropriation for a function the council deems necessary. G. L. c. 44, § 33.

We reject the plaintiffs' argument that the omission of the word "delete" from G. L. c. 35, § 28B (b)'s provision that "[t]he advisory board may increase, decrease, alter and revise the proposed budget" manifests the Legislature's intent to prohibit advisory boards from deleting budgetary items. The argument is untenable because it would compel the illogical conclusion that the Legislature intended to permit the

advisory board to decrease county police funding to one dollar but did not intend to permit its decrease to zero. We reject the argument, too, that the presence of the word "delete" in c. 35, § 28B (e), suggests a different result. Section 28B (e) relates to line items in capital facility budget requests whereas § 28B (b) relates to "the [entire] proposed budget." The absence of the word "delete" from § 28B (b) suggests only that the Legislature did not envision an advisory board "deleting" an entire budget proposal. See *Attorney Gen.* v. *School Comm. of Essex*, 387 Mass. 326, 336-337 (1982) (avoiding statutory construction leading to absurd consequences based on the presumption that the Legislature intends to act reasonably). In any event, the advisory board did not eliminate funds to be spent on courthouse security, but allocated funds only to the department it deemed best suited to carry out that function.

The lease of Middlesex County's courthouses to the Trial Court of the Commonwealth requires that Middlesex County provide courthouse security, but neither the lease nor any law suggests that that security must be provided by the county commissioners rather than by the sheriff as head of the corrections department. General Laws c. 147, § 8 (1994 ed.), provides in pertinent part as follows: "County commissioners may appoint as police officers persons who are in the employment of the county. . . . Such officers may preserve order in any court house . . . ." Asserting that the word "may" as it appears in G. L. c. 147, § 8, denotes command, the plaintiffs refer to the case of *Attleboro Trust Co.* v. *Commissioner of Corps. & Taxation*, 257 Mass. 43, 52 (1926), where we stated the following: "When a statute directs the doing of an act by a public officer in the interest of justice or the public good, the word 'may' is to be construed as 'shall.' " See *id.* at 52-53 (holding that the commissioner of corporations and taxation was statutorily required to abate taxes improperly assessed). We agree with the motion judge that the word "may" in G. L. c. 147, § 8, denotes permission only. The word "may" ordinarily does not suggest compulsion. *Brennan* v. *Election Comm'rs of Boston*, 310 Mass. 784, 786 (1942).

Furthermore, even if we were to construe the statute as mandating the county commissioners to appoint county police, the advisory board would not be required to fund those positions. See *Lavelle* v. *Beverly*, 330 Mass. 72, 74 (1953). See also *Somerville* v. *Somerville Mun. Employees Ass'n*, 418 Mass. 21, 27 (1994) (absent appropriation by municipal board of aldermen, arbitrator could not order city to pay salary increases to employees under contract); *Milton* v. *Commonwealth*, 416 Mass. 471, 473 (1993) (concluding neither relevant statute nor contract provided municipalities a right to reimbursement from the Commonwealth for expenditures for police officers' salary increases absent appropriation).

Although no specific provision of the General Laws authorizes sheriffs to provide courthouse security, common law supports such authority, see *Commonwealth* v. *Howe*, 405 Mass. 332, 334 (1989) (recognizing that deputy sheriffs are common law peace officers). No statute provides otherwise, nor does any statute suggest that courthouse security may not be provided by deputy sheriffs.

*Judgment affirmed.*