Kern, J.
The plaintiff, James DiPaola, the current Sheriff of Middlesex County, commenced this action against defendants Leo Barrett and Middlesex Deputy Sheriffs, Inc. (“Sheriffs, Inc.”) seeking a declaration that a contract and two promissory notes executed by *528 plaintiffs predecessor, R. Bradford Bailey (“Sheriff Bailey”), are void and unenforceable because they are contrary to law and violate public policy. Both parties have moved for summary judgment. For the following reasons, Plaintiff’s motion is ALLOWED and Defendants’ motion is DENIED.
BACKGROUND
The following are the undisputed facts: On September 21, 1995, Sheriff Bailey announced, through his then Superintendent for Administration, the restructuring of the service of civil process in Middlesex County. Before such restructuring, the service of civil process was controlled by three independent proprietorships responsible for serving three regions of the County. Each office was staffed by Deputy Sheriffs pursuant to the Sheriffs power of appointment under G.L.c. 37, §3. Sheriffs, Inc. operated the civil process function in the Metropolitan District of Middlesex County. Sheriff Bailey ordered the unification of the three offices into a single operating civil process division within the Sheriffs Department to be known as The Civil Process Division.
The Civil Process Division was funded by fees Deputy Sheriffs earned for the service of civil process, pursuant to G.L.c. 262, §§8, 14, 15, 16 and 17. On May 23, 1996, Sheriff Bailey, acting in his official capacity, entered into an agreement[1] with Sheriffs, Inc. to purchase the property and assets of Sheriffs, Inc. On that same day, in furtherance of such agreement, Sheriff Bailey, in his official capacity, executed two promissory notes,[2] one for the sum of $80,000 and one for the sum of $183,724.28, to repay Sheriffs, Inc. for its property and assets. Sheriff Bailey did not seek the approval of the Advisoiy Board or the Commissioners before incurring these liabilities.
DISCUSSION
A. Standard
This court grants summary judgment where there are no genuine issues of material fact and where the record entitles the moving parly to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id. at 17.
B. Argument
Defendants contend they are entitled to summary judgment because there are no disputed issues of material fact and there is no statutory provision prohibiting Sheriff Bailey from executing the promissory notes and entering into the agreement with Sheriffs, Inc. without the approval of the Commissioners or the Advisory Board. Specifically, defendants state that G.L.c. 37, which pertains to Sheriffs’ functions and obligations, does not contain language prohibiting a Sheriff from entering into an agreement or signing a promissory note. Defendants also state that G.L.c. 34, §4, et seq., which pertains to the obligations and functions of the Commissioners, does not require a commissioner to approve agreements or promissory notes entered into by a Sheriff.
Finally, defendants rely on G.L.c. 35 which describes the power of the Advisory Board, relates only to county funds and expenses and, therefore, does not apply to a Sheriff acting on behalf of the Civil Process Division. The expenses and liabilities incurred by the Civil Process Division are not subject to G.L.c. 35 because its funds are derived solely from fees collected by the Deputy Sheriffs and are, as a result, not county funds. It is undisputed that the Sheriff of Middlesex County has traditionally exercised his right to finance the Civil Process Division through a line of credit with the East Cambridge Savings Bank without seeking approval from the Commissioners or the Advisory Board.
Plaintiff argues, citing Middlesex County v. Middlesex County Advisory Board, 421 Mass. 477, 478 (1995),[3] he is entitled to summary judgment because the Middlesex County Sheriffs Office was subject to statutory appropriations requirements pursuant to G.L.c. 35, §§28, 28B, 32 and 34. Further, plaintiff argues that since the Sheriff, who is paid with county funds, managed the activities of the Civil Process Division, the division is subject to the relevant appropriations procedure in G.L.c. 32, §28.
The present issue is whether G.L.c. 37 and 34 or G.L.c. 35 apply to limit a Sheriffs authority to enter into an agreement or execute a promissory note on behalf of the Civil Process Division without seeking approval from the Advisory Board and Commissioners. G.L.c. 37 does not expressly prohibit a Sheriff from entering into an agreement or executing a promissory note. Furthermore, G.L.c. 34 does not mandate Commissioners approve an agreement or promissory note entered into by a Sheriff. Thus, the question becomes whether G.L.c. 35, §28 applies requiring a Sheriff to submit a statement to the Commissioners before entering into an agreement or executing a promissory note on behalf of the Civil Process Division.
G.L.c. 35, §28(a) states in relevant part:
The head of each department or institution, and each board or other agency whose activities are maintained or supported wholly or in part by county funds, shall submit to the county commissioners on or before October first a written statement of their estimates of revenues and expenditures for the ensuing fiscal year,... In such statement any proposed contract or any project involving the estimated expenditure of a sum in *529 excess of one thousand dollars shall be set forth separately.
(Emphasis added.) Plaintiff asks this Court to apply G.L.c. 35, §28 because the Sheriff, who is supported by county funds, managed, at least in part, the Civil Process Division.
G.L.c. 35, §28 prescribes the Commissioners’ authority to regulate expenditures by agencies supported by county funds. It is undisputed that the Civil Process Division was wholly supported by fees collected by Deputy Sheriffs and not by county funds. G.L.c. 262, §§8, 14, 15, 16 and 17. It is also undisputed that Sheriff Bailey, who was paid by county funds, entered into the agreement and executed the promissory notes in his official capacity as Sheriff on behalf of the Civil Process Division. Whether county funds were involved in the actual transaction is irrelevant as the plain meaning of G.L.c. 35, §28 only requires that an agency supported “in part” by county funds seek budgetary .approval. Since Sheriff Bailey, in his official capacity as the Sheriff of Middlesex County entered into the agreement and executed the notes on behalf of the Civil Process Division, G.L.c. 35, §28(a) applies. Thus, the Civil Process Division, at least for purposes of this transaction, was supported “in part” by county funds.[4]
Under the present facts, the plain meaning of G.L.c. 35, §28, requires the interpretation that any agency or department that has received the benefit of any county funds be subject to the statute’s appropriations requirements. Had the Civil Process Division been as separate as defendants claim, then it would not have needed the Sheriff of Middlesex County, in his official capacity, acting on its behalf.
The evidence shows that Sheriff Bailey was a link between the Civil Process Division and county funds. Hence, the Civil Process Division was supported partly by county funds in this transaction. As a result, Sheriff Bailey did not have the authority to enter into the agreement on behalf of the Civil Process Division without prior approval from the Commissioners. G.L.c. 35, §28(a).
Courts generally reject attempts to recover for contracts entered into in contravention of the ordinary appropriations process, even where harsh results follow. Murphy v. City of Brockton, 364 Mass. 377, 381 (1973) (holding city not required to pay where architect who performed in good faith under contract with city but amount billed to city not appropriated, as plaintiff was bound to take notice of G.L.c. 44, §31, rather than perform in anticipation of appropriation, regardless of good faith). This is true because requiring the city to pay in such situations would violate “rigid barriers against expenditures in excess of appropriations.” Murphy, 364 Mass. at 380.
This seemingly harsh treatment of defendants is based on the fact that:
one dealing with officers or agents of a municipal corporation must, at his peril, see to it that those officers or agents are acting within the scope of their authority. The reason for this rule is that the actual extent of the authority of such an officer or agent is a matter of record in the statutes of the Commonwealth or proceedings of the city council.
Santa Maria Hospital v. City of Cambridge, 369 Mass. 586, 595 (1976) (holding Cambridge city manager lacked authority to execute deed). Since Sheriff Bailey failed to seek appropriations approval as statutorily mandated, the agreements and promissory notes are therefore void and unenforceable as a matter of law. Murphy, supra at 381.
ORDER
For the foregoing reasons, Plaintiffs Motion for Summary Judgment is ALLOWED and Defendants’ Motion for Summary Judgment is DENIED.

The Agreement dated May 23, 1996, states that it is entered between Middlesex Deputy Sheriffs, Inc., with its principal place of business at 2 Cementos Court, Marblehead, MA 01945 (“Seller”) and Brad Bailey, in his official capacity as Sheriff of Middlesex County (“Buyer”). The relevant contract provisions state:
6. The Seller shall assign, as of April 1, 1996, all of its accounts receivables for services performed within the previous one hundred twenty (120) days to the Buyer with a complete list identifying each person, firm or company and the amount so owed.
7. The Buyer further acknowledges that the Seller has loaned the Middlesex County Office of the Sheriff, Civil Process Division, Eighty Thousand ($80,000) Dollars to initially fund the Civil Process Division and the Buyer hereby agrees to pay the Seller said sum in (60) monthly payments commencing on July 1, 1996 with interest paid at the rate of thirteen (13%) percent per annum.
(Exhibit A.) The Agreement is signed by both the Seller, “Middlesex Deputy Sheriffs, Inc., by Gerald E. Breen, President and Treasurer,” and the Buyer, “Middlesex County Sheriff, by Brad Bailey, in his official capacity as Sheriff of Middlesex County.” (Exhibit A at 3.)

Both notes are dated May 23, 1996, the first of which states that “Brad Bailey, in his official capacity as Sheriff of Middlesex County (“Borrower”)... promises to pay Middlesex Deputy Sheriffs, Inc. . . . the principal amount of Eighty Thousand ($80,000) Dollars with interest from the date hereof ...” This note is signed “Middlesex County Sheriff, by Brad Bailey, in his official capacity as Sheriff of Middlesex County.” The terms of the second note for the sum of $183,724.28 are identical to the terms of the first note. Both notes are due and payable by June 1, 2001.

In an action brought by the Middlesex County Commissioners, Middlesex County, supra at 478, the Supreme Judicial Court held that the Middlesex County Advisory Board’s “transfer of funds from the county police department’s budget to the sheriff department’s budget is a valid exercise of the Board’s authority to increase, decrease, alter and revise the proposed budget” pursuant to G.L.c. 35, §28B.

This interpretation is consonant with the reasoning in Finance Commission of Boston v. Basile, 354 Mass. 188, 192 (1968), which states that “fees and expenses charged by the deputy sheriffs do have a reasonable relation to the finances and methods of administration of the city and of the county.”