Burnes, Nonnie S., J.
This is an action brought by the plaintiff, Thomas E. Hurton, Jr. (“Hurton”), as the owner of three Promissory Notes, against the maker of the notes, the defendant, Middlesex Deputy Sheriffs, Inc. (“Sheriffs, Inc.”), and the guarantors of the notes and owners of Sheriffs, Inc., defendants Fred Puorro (“Puorro”), and Gerald E. Breen (“Breen”). Hurton also seeks payment on the notes from the Sheriff of Middlesex County (the “Sheriff’), as well as the Commonwealth of Massachusetts (the “Commonwealth”). Defendant Sheriffs, Inc., as a third-party plaintiff asserts claims for breach of contract, unlawful taking, and violations of G.L.c. 93A and 42 U.S.C. §1983 against the third-party defendant, R. Bradford Bailey (“Bailey"), in his individual capacity, and/or as Sheriff of Middlesex County. The matter is before this court on motions for summary judgment of the Sheriff of Middlesex County, the Commonwealth, and Bailey, in his individual capacity, and in his official capacity as former Sheriff of Middlesex County.
For the reasons set forth below, the motions for summary judgment of the Sheriff of Middlesex County, the Commonwealth of Massachusetts, and R. Bradford Bailey, individually, and in his official capacity as Former Sheriff of Middlesex County, are ALLOWED.
BACKGROUND
At this summary judgment stage, the facts are reported in the light most favorable to the non-moving party. Anderson Street Associates v. City of Boston, 442 Mass. 812, 816 (2004), citing Augat, Inc. v. Liberty Mut Ins. Co., 410 Mass. 117, 120 (1991). The facts are largely undisputed in this case.
Bailey was appointed as Sheriff of Middlesex County in 1995. At the time, service of process was performed by three private entities, including Sheriffs, Inc. The offices were staffed by deputy Sheriffs, appointed by the Sheriff pursuant to G.L.c. 37, §3. In 1996, after consulting with legal counsel, Bailey, in his official capacity, completed a series of transactions in which the Middlesex County Sheriffs Office purchased Sherriffs, Inc.’s assets. In addition to the purchase agreement, Bailey signed two promissory notes. The first note, for the assets of the corporation, was for $183,724.88. The note was to be paid over sixty months at 7% interest. The second note was for an $80,000.00 cash loan from Sheriffs, Inc. to Sheriff Bailey, “to initially fund the Civil Process Division.” Both notes are dated May 23, 1996.
In order to obtain the funds to provide Sheriff Bailey with the $80,000.00 cash loan, Sheriffs, Inc. issued three promissory notes. The first note, dated January 29, 1996, is for $20,000.00; the second note, dated March 29, 1996, is for $20,000.00; and the third note, also dated March 29, 1996, is for $40,000.00. Sheriff Bailey was not a party to, nor a guarantor of these three notes. Hurton now holds these three notes, which were guaranteed by the owners of Sheriffs, Inc., Puorro and Breen.
Bailey knew that Sheriffs, Inc. had borrowed the funds necessary to make the cash loan. Bailey represented that he had consulted with the Attorney General’s Office, and that the purchase of the civil process offices was outside the ordinary appropriations process. Bailey has been an attorney, licensed to practice law in the Commonwealth since 1987. Bailey was aware that Puorro and Breen relied on his representations as to his legal authority to execute the notes.
Sheriff James DiPaola (“DiPaola”) took office in 1997 after defeating Bailey. DiPaola commenced a declaratory judgment action seeking a judgment that the sales agreement and notes between Sheriffs, Inc. and Bailey were void and unenforceable. The Superior Court ruled that they were in DiPaola v. Barrett and Middlesex Deputy Sheriffs, Inc., C.A. 97-4206 [12 *502 Mass. L. Rptr. 527], holding that Bailey, as Sheriff, had failed to comply with the statutory approval and appropriations process before executing the notes. The ruling was upheld by the Appeals Court, and further appellate review was denied. Neither Puorro, Breen, nor Bailey were parties to this first lawsuit. DiPaola stopped payment on the two notes. By the time Sheriff DiPaola stopped payment on the two notes, a total of $75,415.08 cash payments had been made to Sheriffs, Inc. over a fourteen-month period. Of this amount, $25,483.50 was paid towards the $80,000.00 loan note, and $50,931.58 was paid on the note for the assets of the corporation. When Sheriff DiPaola stopped payment on the two notes, Sheriffs, Inc. stopped payment on its three notes held by Hurton.
Hurton commenced this action against Sheriffs, Inc. and its owners, Puorro and Breen, seeking payment of the balance of $40,969.48 on the three notes held. Hurton later amended his Complaint to bring a direct claim against the Middlesex County Sheriff for “money had and received.” Sheriffs, Inc. brought a third-party action against Bailey, individually and/or as Sheriff of Middlesex County, alleging several claims in pursuit of the full payment of $263,724.28 under the two notes.

DISCUSSION Summary Judgment Standard

Summary judgment is appropriate where the “pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Highland Ins. Co. v. Aerovox, Inc., 424 Mass. 226, 232 (1997), citing Mass.R.Civ.P. 56(c). In a case such as this, where the opposing party will have the burden of proof at trial, the moving party is entitled to summary judgment if he can demonstrate by reference to these materials, “unmet by countervailing materials, that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).

Hurton’s Claims

Hurton asserts claims for “Money had and received” against the Sheriff and the Commonwealth, arising out of the loan made to Sheriffs, Inc. for $80,000.00, which in turn was loaned to Sheriff Bailey. The government of Middlesex County was abolished as of July 11, 1997 pursuant to G.L.c. 34B, §1. Pursuant to the statute, all of its functions, duties, responsibilities, liabilities and debts were transferred to the Commonwealth. G.L.c. 34B, §§4, 5. As a claim against the Commonwealth, the appropriate statute of limitations on Hurton’s claim is three years “after the cause of action accrues.” G.L.c. 260, §3A.
“A cause of action for breach of contract accrues at the time of the breach.” Campanella & Cardi Const. Co. v. Com., 351 Mass. 184, 185 (1966), citing Boston Tow Boat Co. v. Medford Nat’l Bank, 232 Mass. 38, 41 (1919). In this case, the breach occurred on August 12, 1997 when Sheriff DiPaola stopped payment on the notes. Accordingly, the statute of limitations expired three years later, on August 12, 2000. Hurton did not file his Complaint until April 2001, and the claims are therefore untimely.
Hurton’s claim is also barred, as a matter of law, based on the holding of the Appeals Court in Sheriff of Middlesex County v. Barrett, 57 Mass.App.Ct. 1116, 2003 WL 1799731, *1. Hurton’s claim against the Commonwealth in this action is derivative of Sheriffs, Inc.’s claim to collect on the notes. That is to say, Hurton’s claim against the Sheriff and the Commonwealth is based on the loan to Sheriffs, Inc. which was, in turn, loaned to Bailey, as sheriff secured by the notes between Bailey and Sheriffs, Inc. which have been determined to be “void and unenforceable.” Id. Sheriffs, Inc. cannot collect directly on the notes. Hurton cannot collect indirectly on the same obligations that have been declared void and unenforceable.

Sheriffs, Inc.’s Claims

Sheriffs, Inc., as a third-party plaintiff, asserts claims against Bailey in his official capacity, and/or in his individual capacity, for breach of contract, unlawful taking, violation of G.L.c. 93A, and violation of 42 U.S.C. §1983.

1. Breach of Contract

Sheriffs, Inc.’s first claim against Bailey in his official capacity, and individually, alleges breach of contract based on Bailey’s failure to make payments on the two promissory notes.

Individual Capacity

The Supreme Judicial Court has held that “one standing and acting in a public capacity, who makes a contract in behalf of the public, is not personally liable.” Simonds v. Heard, 40 Mass. 120, 124 (1839). Bailey executed the two promissory notes in the name of “Middlesex Couniy Sheriff,” and signed the notes “in his official capacity as Sheriff of Middlesex County.” The trial judge in the previous case explicitly stated that “Sheriff Bailey, acting in his official capacity, entered into an agreement” with Sheriffs, Inc. DiPaola v. Barrett, 2000 WL33170845, *1 (Mass.Super.) (Kern, J.) (12 Mass. L. Rptr. 527). The Appeals Court agreed.
Sheriffs, Inc. argues that the holding of the Appeals Court in Sheriff of Middlesex County v. Barrett exposes Bailey to personal liability, apparently on the theory that if he was not authorized to enter into the contracts in his official capacity, he must have been acting individually. Counsel provides no authority, nor has the court found any such authority for this proposition. In fact, there is authority to the contrary, albeit in other contexts. See, e.g., Laubinger v. Department of Revenue, 41 Mass.App.Ct. 598, 603 (1996) (person acting in official capacity in a discretionary function *503 is entitled to qualified immunity from suit); South Boston Betterment Trust v. Boston Redevelopment Auth., 438 Mass. 57 (2003) (mayor acting in his official capacity who enters into a contract later found to be invalid is not exposed to personal liability for torts). Public officials may make mistakes in the exercise of their official functions without, simply by virtue of making a mistake, being personally liable.

Official Capacity

As previously discussed, the Appeals Court affirmed that the notes executed by Sheriff Bailey were “void and unenforceable” in Barrett, 2003 WL 1799731 at * 1. Sheriffs, Inc. filed a counterclaim for breach of contract against DiPaola which was unsuccessful. Id. While Sheriffs, Inc. argues that principles of res judicata do not apply because Sheriff Bailey stands in a different relationship to Sheriffs, Inc., the same legal principles apply to Hurton’s claim against the Commonwealth to collect on the notes. The two promissoiy notes are “void and unenforceable.” Id. As such, there is no difference between asserting a breach of contract claim against DiPaola or Bailey on those notes. It is the status of the notes as “void and unenforceable” which determines that a breach of contract for failure to make payments on those notes cannot succeed.

2.Unlawful Taking Official Capacity

Sheriffs, Inc. asserts a claim for unlawful taking against Bailey in his official capacity, alleging that Sheriffs, Inc. is entitled to reasonable compensation for its property taken by Bailey consisting of complete payment on the two promissoiy notes. G.L.c. 79, §10 provides for a cause of action where injuiy is caused by “acts not performed in accordance with a formal vote or order of an authorized board of officers.” Wine v. Commonwealth, 301 Mass. 451, 454 (1938). That section provides that where a taking deprives “the owner of the use of his property permanently or for a definite period of time the damages shall be assessed as of the date of such taking, entry, seizure or other act and the right thereto shall vest on such date and a petition for an award of damages therefor under this section may be filed within one year thereafter.” Id., at 455, citing G.L.c. 79, §10.
Sheriffs, Inc. argues that the claim is timely, because it was filed within a year of the trial courts opinion in the previous case. Sheriffs, Inc. offers no support for this proposition, as it could not. It is an act that is either legal or not; therefore, it is the act which triggers a claim, not the date on which the act is determined by a court to be illegal. See, e.g., Eck v. Godbout, 444 Mass. 724 (2005) (claim arises at the time of the incident giving rise to the claim). Accordingly, if there were a taking, that taking occurred when DiPaolo stopped paying on the notes. The claim is untimely as it was not filed within the one year of that event.

3.G.L.C. 93A Official Capacity

As discussed, Bailey acted in his official capacity as Sheriff of Middlesex County when he executed the promissoiy notes to Sheriffs, Inc. There is no support for the proposition that Bailey can be subjected to individual liability based on this transaction. As such, the claim alleging a violation of G.L.c. 93A, §11 need only be addressed with regard to the potential liability of Bailey in that official capacity. Also as stated above, a suit against the Sheriff is now considered a suit against the Commonwealth. G.L.c. 34B, §1.
There has been no case deciding whether a municipality may be amenable to the provisions of G.L.c. 93A. See Park Drive Towing, Inc. v. City of Revere, 442 Mass. 80, 86 (2004). The cases do establish that a municipality is not liable where it is not “ ‘acting in a business context,’ that is, when it is not engaged in ‘trade or commerce.’ ” Id., quoting All Seasons Servs, Inc. v. Commissioner of Health & Hosps. of Boston, 416 Mass. 269, 271 (1993). The determination depends on “the nature of the transaction, the character of the parties involved and [their] activities and whether the transaction [was] motivated by business ... reasons.” Id., quoting Boston Hous. Auth v. Howard, 427 Mass. 537, 538 (1998).
Bailey, as Sheriff of Middlesex County, was not acting in a business context for purposes of G.L. c. 93A. Bailey entered into the transaction as a public official in an attempt to restructure the service of civil process in Middlesex County. The service of civil process is a governmental function. The deputies who served process for Sheriffs, Inc. had to be deputized by the Sheriff; other process servers may do so only if authorized by a court, by position (constable) or by statute. Sheriffs, Inc. was involved in trade or commerce, but Sheriff Bailey was not. The transaction was not motivated by business reasons, but to remedy confusion and potential abuses of the authority of the sheriffs office. Bailey was attempting to restructure the service of process, a public function.
4.42 U.S.C. §1983 Official Capacity
While it argues that Bailey is subject to liability for breach of contract in his individual capacity based on the holding of the Appeals Court in Sheriff of Middlesex County v. Barrett, Sheriffs, Inc. then turns around and argues that Bailey acted in his official capacity when he allegedly persuaded Sheriffs, Inc. to enter into the transactions. Thus Sheriffs, Inc. argues that Bailey was acting under color of law, and is therefore liable under 42 U.S.C. §1983.
“[S]tate officials literally are persons.” Haffer v. Melo, 502 U.S. 21, 26 (1991), quoting Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). However, “an official-capacity suit against a state officer ‘is not a suit against the official but rather is a suit against the *504 official’s office. As such it is no different from a suit against the State itself.’ ” Id. “[N]either a State nor its officials acting in their official capacities are ‘persons’ under §1983.” Id. Bailey was acting in his official capacity when he entered into the transaction with Sheriffs, Inc.; he is not subject to suit under 42 U.S.C. §1983.

ORDER

For the foregoing reasons, it is hereby ORDERED that the motions for summary judgment of the Sheriff of Middlesex County, the Commonwealth of Massachusetts, and R. Bradford Bailey, individually, and in his official capacity as Former Sheriff of Middlesex County, are ALLOWED.